[Crim. No. 31436. Second Dist., Div. Five. Nov. 14, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
WAYNE DEMPSTER BURNETT, Defendant and Appellant.

## COUNSEL

Glen Mowrer, Jr., Public Defender, Rick Savidge and G. W. Lentz, Deputy Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Roger W. Boren and Penina S. Van Gelder, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ASHBY, J.**—Appellant appeals from an order granting probation, contending that one of the conditions of probation is invalid. After pleading guilty to assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)), appellant was sentenced in November 1975 to state prison, with sentence suspended and probation granted on various conditions, including the conditions that he maintain a residence approved by the probation officer and not change residences or leave the county without the permission of the probation officer.

Appellant absconded to Ohio and in March 1977 in his absence probation was revoked and a bench warrant issued. Appellant was extradited and a supplemental probation report was ordered.

Appellant waived a *Vickers*[1] hearing and admitted the allegations of the supplemental report. The court found appellant in violation of probation, and reinstated probation allowing appellant to return to Ohio on various conditions, including that appellant reimburse the county $1,216.79 for the costs of extradition. Appellant accepted this condition in court but now challenges it as invalid.

---

[1] See *People* v. *Vickers,* 8 Cal.3d 451 [105 Cal.Rptr. 305, 503 P.2d 1313].

Penal Code section 1203.1 authorizes the court to impose reasonable conditions of probation "as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from such breach and generally and specifically for the reformation and rehabilitation of the probationer" and the court "may provide for reparation in proper cases."

In *People* v. *Baker*, 39 Cal.App.3d 550, 559-560 [113 Cal.Rptr. 248], the trial court attempted to impose a fine of $90,000 on the theory it was for restitution of estimated costs of prosecuting the defendant. In rejecting this argument, the appellate court stated: "The courts interpret the term *reparation* in section 1203.1 to mean reimbursement to the victims of crime for actual loss flowing from the charged offense or from related misconduct. (See *People* v. *Williams*, 247 Cal.App.2d 394, 401-409 [55 Cal.Rptr. 550]; *People* v. *Labarbera*, 89 Cal.App.2d 639, 642-644 [201 P.2d 584].) The government may be the beneficiary of that reimbursement if it has incurred actual loss due to the crime, as in the instance of tax evasion or theft of government property, but *reparation* does not include the general costs of prosecuting and rehabilitating criminals. The question then becomes whether the court's statutory power to impose *other reasonable conditions* of probation includes the power to require reimbursement to the state for costs of prosecution and of probational supervision. Jurisdictions that permit imposition of such costs generally do so under the explicit authority of statute (e.g., Mich. Comp. Laws, § 769.3, N.J. Stat. Ann. § 2A:168-2 [costs of prosecution]; N.M. Stats. Ann. § 40A-29-18 [costs of probation service]). It has been argued that the imposition of costs has 'a salutary effect in selected cases, impressing upon [offenders] in tangible fashion that illegal behavior brings financially painful consequences. To encourage contrition, strike at the offender's pocketbook. . . .' (Dressler, Practice and Theory of Probation and Parole (2d ed.) p. 239.) But, recent legal analysis has questioned the reasonableness and usefulness of imposing costs of prosecution and probation as a condition of probation. (See A.B.A. Project on Standards for Criminal Justice, Standards Relating to Probation, Approved Draft, 1970, Commentary to § 3.2(f).) The uncertainty of such costs imposes on each defendant a potentially unlimited penalty for his crime. Conceivably, the spectre of costs may even deter him from exercising his right to a jury trial on the issue of guilt or innocence. We recognize that the trial court was attempting to formulate a rehabilitation plan suitable for this particular defendant, a wealthy, middle-aged doctor in failing health. However, Penal Code section 1203.1 explicitly authorizes the imposition

of only limited fines as part of probation, which in turn should be oriented towards rehabilitation of the defendant and not toward the financing of the machinery of criminal justice. (*In re Allen*, 71 Cal.2d 388, 393-394 [78 Cal.Rptr. 207, 455 P.2d 143].)" (39 Cal.App.3d at pp. 559-560.)

■ We conclude the order in this case for reimbursement of extradition costs falls within "the general costs of prosecuting and rehabilitating criminals" referred to in *Baker.* (See also *In re Allen*, 71 Cal.2d 388, 393-394 [78 Cal.Rptr. 207, 455 P.2d 143].)

The condition of probation requiring appellant "to make restitution for County costs in extradition in the amount of $1,216.79, payable to the Revenue and Trust Division of the County in the amount and manner determined by the Probation Officer" is stricken. As modified, the order is affirmed.

Kaus, P. J., and Hastings, J., concurred.