[Crim. No. 43843. Second Dist., Div. Four. Apr. 20, 1983.]

In re FRANK JOSEPH MACKEY on Habeas Corpus.

---

Enid G. Ballantyne for Petitioner.

John K. Van de Kamp, Attorney General, William R. Pounders and Robert D. Breton, Deputy Attorneys General, for Respondent.

OPINION

WOODS, P. J.—By petition for writ of habeas corpus, defendant, convicted by a jury of receiving stolen property, challenges the trial court's act of summarily revoking probation because defendant appealed from the restitution condition of probation and obtained from this court a stay of execution of that condition pending that appeal.

The writ presents the following issues:

1. Must a defendant refuse a probation condition at the time it is offered in order to avoid revocation of his probation if he later appeals the condition?

2. Did the trial court have jurisdiction in the circumstances of this case to vacate an order granting probation on the ground that it believed the defendant fraudulently induced the court to grant probation by falsely indicating a willingness to make timely restitution before probation was granted?

We have resolved both issues in favor of petitioner and therefore issue the writ.

Petitioner was convicted by a jury on June 25, 1982, on two counts of receiving stolen property (Pen. Code, § 496) and one count of attempt to receive stolen property. The evidence at trial was that petitioner had paid the teenage son of the victim very low amounts for numerous pieces of silverware that petitioner knew to be stolen. Police, after a controlled buy from the son, returned to the victim all the silverware discovered in petitioner's home at the time of his arrest on February 18, 1981. The return to the search warrant itemized the items seized and returned. The total value of all the stolen silverware approximated $30,000, but the thief testified that not all of it had been sold to petitioner. The jury deliberated less than one hour before finding petitioner guilty on all three counts.

Probation and sentencing was set for July 19, 1982. At the July 19 hearing, petitioner's counsel advised the court of petitioner's absolute refusal to agree to any restitution. Counsel asked to be substituted out. Petitioner personally told the court he would not consider any restitution because all the stolen silverware he had received had been returned. He requested that he be sentenced to prison at that time. The court advised petitioner that restitution was most important; that the maximum four-year sentence would be imposed if no restitution were made, but the court would allow "a good deal" if restitution of $15,000 were made. The hearing was continued to October 5, and a Penal Code section 1203.03 diagnostic study and report were ordered.

The report was prepared August 17 and stated, in part, that petitioner continued to deny knowledge that the silverware was stolen and insisted that all the silverware he had received had been returned to the victim. Petitioner stated that he had offered to pay $8,000 in negotiating for a plea bargain, but, when told restitution would be in the area of $15,000 to receive 90 days' jail time, he stated that "as a matter of principle he would pay no restitution and is prepared to undergo incarceration."

Petitioner appeared at the October 5 hearing represented by new counsel. After the court summarized to new counsel the problem of petitioner's refusal to consider restitution, counsel advised the court: ". . . I have talked to Mr. Mackey about this, and he is most willing to make restitution. The problem has been in the vagueness of what is missing and the value of it." Counsel commented that both the preliminary hearing and trial testimony of the victim's son was ". . . very vague as to both what was taken, what was returned, and what was the value. As I say, my client is most willing to make restitution, and what I would suggest to the Court is that we hold the evidentiary hearing as to the amount of restitution." This suggestion was eagerly accepted by the court, which stated that if restitution were set and paid, the sentence imposed would be either minimal state prison time or possibly even jail time. Proceedings were continued to October 19 for the evidentiary hearing.

At the October 19 hearing, the court announced that the burden of proof rested with the People to establish the amount of restitution due. The People adduced testimony from the victim who is the thief's father, from the thief, from an expert appraiser of silverware, from a friend of the thief who witnessed a sale, and from one of petitioner's sons.

On cross-examination the thief testified that he could not recall when he stole the respective items of missing silverware. He went to petitioner's home on December 19, 1980, and February 1981, to sell some of the items, but does not remember just what was sold or how much he received from petitioner. He could not remember precisely what he sold to petitioner. He had sold and given away some "smaller pieces" to friends "but it was not an extreme amount." He sold all the larger pieces to petitioner.

The People's expert appraiser testified that many of her appraisals involved some guesswork because she had only photographs of the missing items and could not determine the age or antique status of the pieces for certain.

Throughout the hearing the court stated that it would be making an educated guess as to the amount of restitution, because of the vagueness as to just what petitioner had bought and the current replacement value of what was retained by petitioner. The court pointed out that its decision was significantly influ-

enced by the relative credibility of the witnesses, particularly the thief. The court accepted the value of the December 1980 stolen items at $30,000, but expressly disavowed the use of any precise formula or reasoning in setting restitution at $7,500. Petitioner was given until December 20, 1982, to pay the $7,500. Petitioner's counsel characterized $7,500 as "a seemingly reasonable figure" and represented to the court that petitioner would timely comply. Petitioner did not volunteer to verify this statement of intention to pay, nor was he requested to do so.

The court initially intended to require payment prior to pronouncement of sentence. Petitioner's counsel objected, claiming denial of due process. The court altered its plan and imposed sentence of two years on count I, with consecutive terms of eight months for count II and four months for count III. Execution of sentence was suspended and probation was granted for a period of five years on condition that petitioner pay restitution of $7,500 by December 20, 1982, pay a $1,000 fine, and serve the first year in county jail.

Petitioner immediately began to serve his jail time but did not pay restitution. Instead, on November 30, 1982, he filed a notice of appeal from the restitution condition of probation and, upon motion, obtained from this court on December 16, 1982, a temporary stay of execution on restitution pending appeal.

Upon learning of petitioner's appellate activity, the court revoked petitioner's probation ex parte without a hearing. Proceedings were continued to January 10, 1983, for further probation and sentencing.

On December 8, 1982, the court wrote a letter to the district attorney explaining the probation revocation. The court reasoned that the past adamant refusal of petitioner to make restitution, viewed in conjunction with his October 5, 1982, sudden change of mind and his eventual appeal from that condition of probation, reflected a fraudulent scheme by petitioner to obtain probation by falsely appearing to agree to pay whatever restitution was set by evidentiary hearing. The letter stated the position that due to Penal Code section 1203 et seq., "the proper procedure . . . is for the defendant to refuse to agree to the conditions of probation and require that the court impose sentence." The letter concluded: "In any event, this court deems the filing of a Notice of Appeal on the restitution condition and the accompanying Motion for Stay of Execution, in the context of this case, as a refusal of that condition of probation. This condition was proffered by the defense in October in order to obtain leniency in sentencing; the court granted that leniency."

At the January 10, 1983 hearing, the court reiterated its belief that petitioner had perpetrated a fraud upon it, and upon his own counsel, by indicating a new

willingness to make restitution when, in fact, he continued to silently harbor his originally voiced conviction to refuse any restitution.

Petitioner's counsel argued that petitioner had in good faith intended to pay restitution as represented, but that he challenged the amount ordered. Counsel contended that the court had no jurisdiction to revoke probation and execute sentence because petitioner had not violated any condition of probation.

The court agreed that there had been no violation of any probation condition. However, on the basis that probation was originally granted in reliance on petitioner's "fraudulent promise," the court revoked probation and sentenced petitioner to state prison for the two-year midterm on count I, and a one-third consecutive term of eight months on count II and a concurrent four months on count III. Petitioner was ordered transported to the custody of the Department of Corrections.

The petition for writ of habeas corpus was filed herein January 14, 1983. The order to show cause issued January 18. The January 10 judgment was stayed in execution and petitioner was ordered returned to county jail pending resolution of this writ proceeding.

I

■ It is well settled that a probationer need not refuse probation based on a belief that one condition thereof is unlawful. Further, the exercise of the right to appeal from a condition of probation pursuant to Penal Code section 1243 may not be deemed a repudiation or violation of that condition. "[B]y accepting the benefits of probation a defendant does not waive the right to urge the invalidity of an improper, a void, condition on direct appeal from that judgment or on habeas corpus." (*People* v. *Keller* (1978) 76 Cal.App.3d 827, 832, fn. 2 [143 Cal.Rptr. 184].) "If, . . . the defendant accepts probation, he may seek relief from the restraint of any alleged invalid condition of probation on appeal from the order granting probation or on habeas corpus." (*In re Bushman* (1970) 1 Cal.3d 767, 776 [83 Cal.Rptr. 375, 463 P.2d 312].) "But whatever may be within the trial court's permissible scope of conditions for *granting* probation it could not make petitioners' right to *reject* the offered probation conditional upon their immediate announcement of rejection." (*In re Osslo* (1958) 51 Cal.2d 371, 382 [334 P.2d 1]; italics in original.) Accordingly, the court's statement in its letter of December 8, 1982, to the district attorney was incorrect in suggesting that the "appropriate" procedure for petitioner to have followed was to immediately refuse probation and accept a state prison sentence.

■ Further, a defendant may appeal from an order that he pay restitution as a condition of probation. (*In re Bushman, supra,* 1 Cal.3d at p. 776.) Although civil restitution is reasonably related to the crime of receiving stolen property, a grossly excessive amount of restitution would be invalid, as having no relationship to the crime of which petitioner was convicted. (*People* v. *Dominguez* (1967) 256 Cal.App.2d 623, 627 [64 Cal.Rptr. 290].) Inasmuch as the right to appeal from an invalid condition of probation is well established (see *In re Martinez* (1978) 86 Cal.App.3d 557, 580 [150 Cal.Rptr. 366]), it is axiomatic that the filing of a notice of appeal cannot be deemed a violation of any condition of probation, thus authorizing its revocation. The trial court, however, expressly stated that it did not consider that probation had been violated. Rather, the court revoked probation based on its belief that a fraud had been perpetrated on the court. We therefore must determine whether probation was properly revoked on that ground.

## II

■ The trial court concluded that petitioner had fraudulently induced the granting of probation by representing to the court that he would accept and timely perform an order that he pay restitution to the victim. The record reflects that the court had on many occasions informed petitioner that if he were unwilling to pay restitution to the victim, he would be sentenced to state prison. The court stated on the record that its decision to grant probation was based solely on petitioner's change of position with respect to restitution. Petitioner contends that he had expressed a willingness to pay reasonable restitution, but that the amount ordered was not supported by evidence presented at the restitution hearing and was therefore unreasonable. He alleges that by this appeal he challenges not the requirement that he pay restitution, but the amount ordered.

The respondent, Superintendent of the California Institution for Men at Chino, relies on *Price* v. *Superior Court* (Cal.App.), for the authority of the court to revoke probation based on fraud. No other authority for such a proposition is cited, nor has our research disclosed any. *Price* was ordered not to be published by the Supreme Court on March 23, 1983.

Respondent's argument fails in any event since the theory on which he relies is one of an attorney as an officer of the court misleading the court. Here, the misrepresentation, if such there was, was not by counsel. It is true that at the October 5 hearing, defense counsel stated: "My client is most willing to make restitution, . . ." However, at the probation revocation hearing, the trial judge stated unequivocally that he did not believe counsel had been lying. He believed that she honestly reported to the trial court what her client had apparently told her. The court did not inquire into any representations made by the client to the attorney, observing that to do so could violate the attorney-client privilege, but

made it abundantly clear that he did not believe that the attorney was lying. The judge presumed that the attorney, like the court, had been misled by petitioner.

We are confronted, therefore, with an alleged deception by the petitioner, on which the court relied in imposing sentence. Had the trial court been confronted with an actual misrepresentation by the petitioner, revocation of probation might have been permissible. (See *People* v. *Johnson* (1974) 10 Cal.3d 868 [112 Cal.Rptr. 556, 519 P.2d 604].) That issue, however, is not before us, as the record here does not contain any statements by petitioner, deceptive or otherwise. Petitioner simply remained silent when his counsel represented to the court that he was willing to make restitution and that restitution would be paid within 60 days.

In order to conclude that a material misrepresentation was made to the court, amounting to a perpetration of a fraud upon the court, a clear, unequivocal, on-the-record misrepresentation would be required. We cannot reach that conclusion on the basis of petitioner's silence.

Finally, the record does not support the trial court's conclusion that petitioner never intended to make restitution in this case. An appeal from an order to pay $7,500 is not necessarily inconsistent with a willingness to pay some other amount. Therefore, the trial court erred in revoking petitioner's probation.

The writ of habeas corpus is granted, the superior court order of January 10, 1983, is stricken, its order of October 19, 1982, is reinstated and in accordance therewith petitioner is ordered to remain in the custody of the Los Angeles County jail to serve the remainder of the one-year term imposed as a condition of probation, with credit for any time served in state prison. The stay of execution issued with respect to the condition of restitution shall remain in effect pending disposition of petitioner's appeal, 2 Crim. No. 43695.

Kingsley, J., and McClosky, J., concurred.