[No. A033024. First Dist., Div. Three. June 12, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
LELAND JEFFREY NARRON, Defendant and Appellant.

**COUNSEL**

Manuel E. Nestle, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, David D. Salmon, John Runde and Derald E. Granberg, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WHITE, P. J.**—Appellant contests the validity of a condition of probation requiring him to make restitution to Lake County for expenses incurred in disposing of dangerous chemicals found in appellant's residence. He claims that neither Penal Code section 1203.1 nor 1203.04 authorizes the condition, because the county was not a direct victim of his crimes and the expenses incurred in destroying the chemicals were not related to any crime to which he pled guilty. We need not ultimately resolve these contentions because, as will be seen, the manner in which the condition was imposed was improper in that the prosecution failed to comply with the procedures for the recovery of such expenses set forth in Health and Safety Code section 11470.1.[1] We hold that this statute, along with section 11470.2, provides the exclusive remedy for reimbursement of the expenses recoverable under these statutes.[2]

### I. *Facts*

During a legal search of appellant's mobilehome, the police seized firearms, a vial of LSD tablets, marijuana and drug paraphernalia. They also detected chemicals and chemical equipment in the residence which were later destroyed. The probation officer's report to the court stated that "a professional chemical disposal company had to be summoned as many of the items recovered from the defendant's residence were too dangerous to store. This cost a total of $1,132.50."

Appellant explained at the sentencing hearing that some of these chemicals and equipment were for soil and water analysis; one chemical was a component substance of methamphetamine; others were for the manufacture of "acetic acid ethylacetate" and "sulfuric oxide." Many of these chemicals were quite toxic. Appellant objected to their seizure. He volunteered to identify the chemicals so the police could handle and analyze them safely, but this offer was not accepted.

Appellant pled guilty to possession of a firearm by an ex-felon (Pen. Code, § 12021, subd. (a)) and cultivation of marijuana (§ 11358). Three other charges, including possession of LSD, were dropped.[3] He was admitted to three years' probation. One of his conditions of probation was that

---

[1] Further statutory references are to the Health and Safety Code unless otherwise specified.

[2] We raised the issue of the applicability of sections 11470.1 and 11470.2 after requesting and receiving supplemental briefing from the parties. (See Gov. Code, § 68081.)

[3] Appellant contends by way of petition for writ of habeas corpus that the court should have granted his motion to withdraw his plea because of inadequate advisement by counsel of the consequences of his plea. We dispose of this issue in the petition.

"by way of providing restitution to the County of Lake[,] [t]he defendant will pay the sum of $1,132.50 to the probation officer in such installments as he shall direct." Appellant initially objected to this condition and requested a restitution hearing; at the scheduled hearing, however, he consented to the condition. Appellant contests the condition on appeal.

## II. *The Issues in This Appeal Were Not Waived by Appellant*

Before addressing the substantive issues, we note several points relevant to the appealability of the restitution condition and the significance of appellant's consent. First, these issues are appealable without a certificate of probable cause (Pen. Code, § 1237.5) because the conditions of probation were not part of the plea bargain and were imposed after entry of the plea. (*People* v. *Sumstine* (1984) 36 Cal.3d 909, 915, fn. 3 [206 Cal.Rptr. 707, 687 P.2d 904]; Cal. Rules of Court, rule 31(d).)

■ Second, the acceptance of probation does not preclude a challenge on appeal to the validity of a probation condition. " '[B]y accepting the benefits of probation a defendant does not waive the right to urge the invalidity of an improper, a void, condition on direct appeal from that judgment or on habeas corpus.' [Citation.]" (*In re Mackey* (1983) 142 Cal.App.3d 38, 43 [190 Cal.Rptr. 716]; *In re Bushman* (1970) 1 Cal.3d 767, 776 [83 Cal.Rptr. 375, 463 P.2d 727].)

Third, because the prosecution did not contemplate bringing an action for the recovery of expenses under section 11470.1, appellant could not have waived his statutory right to have the prosecution abide by the procedures set forth therein. ■ Appellant was not apprised of his right to these procedures before the restitution condition was imposed, and " 'a purported "waiver" of a statutory right is not legally effective unless it appears that the party executing it had been fully informed of the existence of that right, its meaning, the effect of the "waiver" presented to him, and his full understanding of the explanation.' [Citation.]" (*Hittle* v. *Santa Barbara County Employees Retirement Assn.* (1985) 39 Cal.3d 374, 389 [216 Cal.Rptr. 733, 703 P.2d 73].)

Fourth, we need not decide whether appellant waived his right to contest the validity of the restitution condition under Penal Code sections 1203.1 and 1203.04 in light of our holding that the prosecution could recover the disposal costs only pursuant to section 11470.1. We nevertheless briefly discuss the issues related to appellant's contention that restitution was unauthorized because the county was not a direct victim of his crimes. Such a discussion will provide background for the question we are called upon to

resolve and is relevant to our analysis of the interplay between sections 11470.1 and 11470.2 and the above Penal Code provisions.

### III. *A County May Receive Restitution Even Though It Is Not a Direct Victim*

■ It is well established that courts have broad discretion to determine whether probation should be granted and on what conditions. (*People v. Richards* (1976) 17 Cal.3d 614, 619 [131 Cal.Rptr 537, 552 P.2d 97]; *People v. Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545.) Such discretion is embodied in Penal Code section 1203.1: "The court may impose and require any or all of the above-mentioned terms of imprisonment, fine, and conditions, and other reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends be made to society for the breach of the law, for any injury done to any person resulting from that breach and generally and specifically for the reformation and rehabilitation of the probationer,..." (Pen. Code, § 1203.1.)

■ In view of such discretionary power, "[a] condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality....' (*People v. Dominguez* (1967) 256 Cal.App.2d 623, 627 [64 Cal.Rptr. 290].) Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*People v. Lent, supra,* 15 Cal.3d at p. 486, fn. omitted.)

The court's power to require restitution to a crime victim as a condition of probation is also beyond question. Penal Code section 1203.1 provides that in granting probation the court may, in its discretion, "provide for restitution in proper cases; ..." and further: "The court shall consider whether the defendant as a condition of probation shall make restitution to the victim or the Restitution Fund...." (Pen. Code, § 1203.1.) Furthermore, in passing Proposition 8, the People of the State of California announced their "unequivocal intention ... that all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer. [¶] Restitution shall be ordered from the convicted persons in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary." (Cal. Const., art. I, § 28, subd. (b).) To carry out this mandate, legislation was

enacted which requires courts to impose restitution as a condition in all cases in which probation is granted. (Pen. Code, § 1203.04, subd. (a).)[4] Restitution shall be made "(1) To the victim, if the crime involved a victim. . . . [¶] (2) To the Restitution Fund, if the crime did not involve a victim." (*Ibid.*)

We first note as a general proposition that restitution is not necessarily limited to persons. Neither Penal Code section 1203.1 nor section 1203.04 defines the term "victim." However, the policies of these provisions favor a definition which includes the government where it suffered loss flowing from a defendant's criminal conduct. Including the government as a potential "victim" accords with the court's discretion to employ probation conditions which ensure "that amends . . . be made to society for the breach of the law, . . ." (Pen. Code, § 1203.1.) ■ Moreover, the concept of restitution embodies not only the notion that people who suffer loss as a result of criminal activity should be compensated for those losses (Cal. Const., art. I, § 28, subd. (b)), but also a perception of the value of restitution as a "deterrent to future criminality" (*People* v. *Lent, supra,* 15 Cal.3d at p. 486), and "to rehabilitate the criminal." (*People* v. *Richards, supra,* 17 Cal.3d at p. 620.) Both aims are furthered by imposing a restitution condition in appropriate cases whether or not the victim is an individual. We therefore agree with the dictum that "[t]he government may be the beneficiary of [restitution] if it has incurred actual loss due to the crime, as in the instance of tax evasion or theft of government property, . . ." (*People* v. *Baker* (1974) 39 Cal.App.3d 550, 559 [113 Cal.Rptr. 248]; *People* v. *Burnett* (1978) 86 Cal.App.3d 320, 322 [150 Cal.Rptr. 126].)[5]

It also appears that Lake County could be considered a "victim" of appellant's criminal activity. While the county was not a direct victim as in the case of tax fraud or theft of government property, restitution is not limited to direct victims. ■ Courts have rejected the argument "that a restitution condition may never be ordered in favor of anyone other than the direct victim of a crime . . . . [Rather] the appropriate rule . . . [is that] the propriety of a particular restitution condition must be determined by

---

[4]Other legislation implementing Proposition 8 is Penal Code section 1202.4 which requires the court to impose a restitution fine "[i]n any case in which a defendant is convicted of a felony, . . ." Such a fine was imposed against appellant, and he did not contest its validity.

[5]Our conclusion is consistent with cases which interpret 18 United States Code, section 3651 as permitting the government to be the beneficiary of restitution even though the statute is silent regarding restitution to the government. (See *United States* v. *Lynch* (7th Cir. 1982) 699 F.2d 839, 845; Annot. (1964) 97 A.L.R. 2d 799-800, § 1, and cases cited therein.)

Our conclusion is also consistent with the proposition that counties may be the victims of crime for purposes of stating a criminal offense in an accusatory pleading. (*People* v. *Dale* (1966) 239 Cal.App.2d 634, 639 [49 Cal.Rptr. 253]; *People* v. *Diamondstein* (1919) 42 Cal.App. 490, 491 [183 P. 679].)

reference to the purposes of probation in light of the facts and circumstances of each case." (*People* v. *Clark* (1982) 130 Cal.App.3d 371, 385 [181 Cal.Rptr. 682].) Thus, restitution provisions have been upheld where defendant was ordered to provide restitution to a crime victim's children (*id.,* at pp. 386-387) and to an automobile accident victim's insurer. (*People* v. *Calhoun* (1983) 145 Cal.App.3d 568, 572 [193 Cal.Rptr. 394].)[6] These cases demonstrate that restitution is permissible to any victim who suffered "actual loss flowing from the charged offense or from related misconduct." (*People* v. *Baker, supra,* 39 Cal.App.3d at p. 559; cf. 18 U.S.C. § 3651 [allowing restitution for "actual damages or loss caused by the offense"].) Thus, while we have uncovered no cases in which the government was permitted to receive restitution even though it was not the direct victim of a crime, application of established principles of probation leads to the conclusion that restitution would be permissible in such cases.

We need not address the problems raised by appellant's second contention—that the restitution condition was not related to any crime to which he pled guilty. While the permissible scope of restitution for conduct not resulting in a conviction is somewhat elusive (see *People* v. *Richards, supra,* 17 Cal.3d at pp. 619-624; *People* v. *Lent, supra,* 15 Cal.3d at pp. 486-487; *People* v. *Williams* (1966) 247 Cal.App.2d 394, 408 [55 Cal.Rptr. 550]), section 11470.1 explicitly permits the government to recoup the expenses sought in this case even where they are unrelated to the underlying offense.[7] We therefore proceed to discuss the applicability of this statute, as well as its companion statute, section 11470.2, to this case.

## IV.  *Compliance With Section 11470.1 Was Mandatory*

### A.  The Statutory Scheme

Sections 11470.1 and 11470.2 were enacted together by the Legislature in 1983.[8] (Stats. 1983, ch. 931, §§ 1, 2, pp. 3369-3371.) Both statutes permit

---

[6] We note further that restitution to a homicide victim's "immediate surviving family" is authorized by Penal Code section 1203.04, subdivision (a)(1).

[7] In light of the statutory authority provided in sections 11470.1 and 11470.2, we need not consider appellant's contention at oral argument that permitting restitution would constitute an unauthorized reimbursement for the cost of prosecution. (See *People* v. *Burnett, supra,* 86 Cal.App.3d at pp. 322-323; *People* v. *Baker, supra,* 39 Cal.App.3d at pp. 558-560.)

[8] The full text of these statutes is set forth below. Section 11470.1 reads: "(a) The expenses of seizing, eradicating, destroying, or taking remedial action with respect to, any controlled substance or its precursors shall be recoverable from:

"(1) Any person who manufactures or cultivates a controlled substance or its precursors in violation of this division.

"(2) Any person who aids and abets or who knowingly profits in any manner from the manufacture or cultivation of a controlled substance or its precursors on property owned, leased, or possessed by the defendant, in violation of this division.

the government to recover the "expenses of seizing, eradicating, destroying, or taking remedial action with respect to, any controlled substance or its

"(b) The expenses of taking remedial action with respect to any controlled substance or its precursors shall also be recoverable from any person liable for the costs of that remedial action under Chapter 6.8 (commencing with Section 25300) of Division 20 of the Health and Safety Code.

"(c) It shall not be necessary to seek or obtain a criminal conviction prior to the entry of judgment for the recovery of expenses. However, if criminal charges are pending against the defendant for the unlawful manufacture or cultivation of any controlled substance or its precursors, an action brought pursuant to this section shall, upon a defendant's request, be continued while the criminal charges are pending.

"(d) The action may be brought by the district attorney, county counsel, city attorney, the State Department of Health Services, or Attorney General. All expenses recovered pursuant to this section shall be remitted to the law enforcement agency which incurred them.

"(e)(1) The burden of proof as to liability shall be on the plaintiff and shall be by a preponderance of the evidence in an action alleging that the defendant is liable for expenses pursuant to paragraph (1) of subdivision (a). The burden of proof as to liability shall be on the plaintiff and shall be by clear and convincing evidence in an action alleging that the defendant is liable for expenses pursuant to paragraph (2) of subdivision (a). The burden of proof as to the amount of expenses recoverable shall be on the plaintiff and shall be by a preponderance of the evidence in any action brought pursuant to subdivision (a).

"(2) Notwithstanding paragraph (1), for any person convicted of a criminal charge of the manufacture or cultivation of a controlled substance or its precursors there shall be a presumption affecting the burden of proof that that person is liable.

"(f) Only expenses which meet the following requirements shall be recoverable under this section:

"(1) The expenses were incurred in seizing, eradicating, or destroying the controlled substance or its precursors or in taking remedial action with respect to a hazardous substance. These expenses may not include any costs incurred in use of the herbicide paraquat.

"(2) The expenses were incurred as a proximate result of the defendant's manufacture or cultivation of a controlled substance in violation of this division.

"(3) The expenses were reasonably incurred.

"(g) For purposes of this section, 'remedial action' shall have the meaning set forth in Section 25322.

"(h) For the purpose of discharge in bankruptcy, a judgment for recovery of expenses under this section shall be deemed to be a debt for willful and malicious injury by the defendant to another entity or to the property of another entity.

"(i) Notwithstanding Section 526 of the Code of Civil Procedure, the plaintiff may be granted a temporary restraining order or a preliminary injunction, pending or during trial, to restrain the defendant from transferring, encumbering, hypothecating, or otherwise disposing of any assets specified by the court, if it appears by the complaint that the plaintiff is entitled to the relief demanded and it appears that the defendant may dispose of those assets to thwart enforcement of the judgment.

"(j) The Legislature finds and declares that civil penalties for the recovery of expenses incurred in enforcing the provisions of this division shall not supplant criminal prosecution for violation of those provisions, but shall be a supplemental remedy to criminal enforcement.

"(k) Any testimony, admission, or any other statement made by the defendant in any proceeding brought pursuant to this section, or any evidence derived from the testimony, admission, or other statement, shall not be admitted or otherwise used in any criminal proceeding arising out of the same conduct.

"(l) No action shall be brought or maintained pursuant to this section against a person who has been acquitted of criminal charges for conduct which may be the basis for an action under this section if, in the criminal action, there has been a finding of factual innocence by

precursors ...." (§§ 11470.1, subd. (a); 11470.2, subd. (a) [hereafter recovery of expenses].) Section 11470.1 also allows the recovery of the costs of taking "remedial action" with respect to hazardous substances. (§ 11470.1, subd. (b).) These expenses are recoverable from "[a]ny person who manufactures or cultivates a controlled substance or its precursors in violation of this division" (§§ 11470.1, subd. (a)(1); 11470.2, subd. (a)(1)), or from certain persons who aid and abet or knowingly profit from such illegal activity. (§§ 11470.1, subd. (a)(2); 11470.2, subd. (a)(2).) Section 11470.1 establishes a civil remedy for the recovery of expenses. The government must show the expenses are recoverable by a preponderance of the evidence. If, however, the action is brought against an aider and abettor, proof must be by clear and convincing evidence. (§ 11470.1, subd. (e)(1).) Recoverable expenses are those which (1) "were incurred in seizing, eradicating, or destroying the controlled substance or its precursors or in taking remedial action with respect to a hazardous substance ..."; (2) "were incurred as a

---

the court pursuant to standards set forth in subdivision (b) of Section 851.8 of the Penal Code.

Section 11470.2 reads: "(a) In lieu of a civil action for the recovery of expenses as provided in Section 11470.1, the prosecuting attorney in a criminal proceeding may, upon conviction of the underlying offense, seek the recovery of all expenses recoverable under Section 11470.1 from:

"(1) Any person who manufactures or cultivates a controlled substance or its precursors in violation of this division.

"(2) Any person who aids and abets or who knowingly profits in any manner from the manufacture or cultivation of a controlled substance or its precursors on property owned, leased, or possessed by the defendant, in violation of this division. The trier of fact shall make an award of expenses, if proven, which shall be enforceable as any civil judgment. If probation is granted, the court may order payment of the expenses as a condition of probation. All expenses recovered pursuant to this section shall be remitted to the law enforcement agency which incurred them.

"(b) The prosecuting attorney may, in conjunction with the criminal proceeding, file a petition for recovery of expenses with the superior court of the county in which the defendant has been charged with the underlying offense. The petition shall allege that the defendant had manufactured or cultivated a controlled substance in violation of Division 10 (commencing with Section 11000) of the Health and Safety Code and that expenses were incurred in seizing, eradicating, or destroying the controlled substance or its precursors. The petition shall also state the amount to be assessed. The prosecuting attorney shall make service of process of a notice of that petition to the defendant.

"(c) The defendant may admit to or deny the petition for recovery of expenses. If the defendant admits the allegations of the petition, the court shall rule for the prosecuting attorney and enter a judgment for recovery of the expenses incurred.

"(d) If the defendant denies the petition or declines to admit to it, the petition shall be heard in the superior court in which the underlying criminal offense will be tried and shall be promptly heard following the defendant's conviction on the underlying offense. The hearing shall be held either before the same jury or before a new jury in the discretion of the court, unless waived by the consent of all parties.

"(e) At the hearing, the burden of proof as to the amount of expenses recoverable shall be on the prosecuting attorney and shall be by a preponderance of the evidence.

"(f) For the purpose of discharge in bankruptcy, a judgment for recovery of expenses under this section shall be deemed to be a debt for willful and malicious injury by the defendant to another entity or to the property of another entity."

proximate result of the defendant's manufacture or cultivation of a controlled substance in violation of this division"; and (3) "were reasonably incurred." (§ 11470.1, subd. (f)(1)-(3).)

In lieu of a civil action, the prosecution may bring a "petition for recovery of expenses" under section 11470.2 in the same trial court in which defendant is being tried for the "underlying offense" which led to the seizure or destruction of the controlled substance or its precursors. (§ 11470.2, subds. (a), (b).) The petition shall allege that expenses were incurred in seizing, eradicating, or destroying the controlled substance or its precursors and the amount to be assessed. (§ 11470.2, subd. (b).) If defendant admits the petition, the court enters a judgment for recovery of the expenses incurred. (§ 11470.2, subd. (c).) If defendant denies the petition, a hearing is held after conviction on the underlying offense at which the prosecution must prove the amount of expenses under a preponderance of the evidence standard. (§ 11470.2, subds. (d), (e).) Section 11470.2 incorporates the three limitations on recoverable expenses set forth in subdivision (f) of section 11470.1. (§ 11470.2, subd. (a).) Payment for recoverable expenses may be imposed as a condition of probation. (§ 11470.2, subd. (a)(2).)

These statutes do not purport to alter a court's authority to impose a restitution condition of probation under Penal Code sections 1203.1 and 1203.04. The question we confront in interpreting sections 11470.1 and 11470.2 is their interplay with these Penal Code provisions. Penal Code section 1203.1 authorizes and Penal Code section 1203.04 mandates the imposition of restitution conditions upon probation, but neither sets forth procedures for imposing such conditions. Certain procedures have been mandated judicially to comport with due process requirements. Our question is whether these procedures, which are less formal and demanding than those set forth in sections 11470.1 and 11470.2, may be employed in cases falling within the scope of the new statutes.

■ Restitution pursuant to Penal Code sections 1203.1 and 1203.04 may not be ordered absent a judicial hearing on the issue. The court may not base a restitution order on its mere belief that defendant owes money to the victim (*People* v. *Richards, supra,* 17 Cal.3d at p. 621) or solely on information provided by the probation officer. (*People* v. *Hartley* (1984) 163 Cal.App.3d 126, 129-130 [209 Cal.Rptr. 131]; *People* v. *Cervantes* (1984) 154 Cal.App.3d 353, 360-361 [201 Cal.Rptr. 187].) The court must determine, based on evidence, the appropriate amount of restitution in light of the value of the victim's loss (*People* v. *Baumann* (1985) 176 Cal.App.3d 67, 79 [222 Cal.Rptr. 32]; *Hartley, supra,* at p. 130), the defendant's culpability and his ability to pay (*Cervantes, supra,* at p. 361), and the purposes of restitution. (*Richards, supra,* at pp. 621-622.) In determining the propriety

and amount of restitution, the preponderance of the evidence standard satisfies due process. (*Baumann, supra,* at p. 80.) The defendant is not entitled to a jury trial (*ibid.*), and "the requisite hearing [need not] approximate the formality of a civil trial." (*Hartley, supra,* at p. 130.)

The procedures for the recovery of expenses under sections 11470.1 and 11470.2 are more stringent in several respects. Both statutes require the prosecution to bring a formal action for the recovery of expenses. Section 11470.2 affords the defendant the opportunity to have the restitution issue decided by a jury. Under section 11470.1, the liability of an aider and abettor must be proven by clear and convincing evidence.

## B. Relationship of Sections 11470.1 and 11470.2 With Penal Code Sections 1203.1 and 1203.04

██ In determining whether sections 11470.1 and 11470.2 comprise the exclusive method for the recovery of expenses of seizing or disposing of controlled substances or their precursors, our primary task is to discern the Legislature's intent. The extant legislative history provides no clear answer to this question. The preface to the legislation contains only a summary of its contents. Some insight is provided by the comments of the Assembly Office of Research in connection with the bill's third reading in the Assembly. It states: "This bill is sponsored by the Attorney General (AG),[9] who feels that those who engage in illegal drug activities should bear the costs of eradicating their abuses because the cost of eradicating drug operations is becoming prohibitively expensive, especially for small rural law enforcement agencies. [¶] The central policy issue raised by this bill involves standard of proof. The bill allows persons to be held civilly liable for eradication expenses even if they have not been convicted of unlawful drug activities. [¶] Proponents argue that recovery of expenses in civil court without a criminal conviction is just and necessary. Existing law, for example, permits the cost of cleaning up illegal toxic waste dumping to be sought under the same terms as under this bill." (Assem. Office of Research, 3d reading analysis of Sen. Bill No. 1121 (1983-1984 Reg. Sess.) Aug. 30, 1983.)

Since we have no direct evidence of the intended effect of the legislation on existing procedures for imposing restitution, we resort to recognized rules of statutory construction. ██ First, "the expression of certain things in a statute necessarily involves exclusion of other things not expressed—*expressio unius est exclusio alterius.*" (*Crippen* v. *Superior Court* (1984) 159 Cal.App.3d 254, 260 [205 Cal.Rptr. 477].) The principle of this

---

[9] The bill, Senate Bill No. 1121, was also supported by the California Highway Patrol. (See Note (1983) 15 Pacific L.J. 596.)

rule "is that when legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies. 'When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode.'" (*Passenger Corp.* v. *Passengers Assn.* (1974) 414 U.S. 453, 458 [38 L.Ed.2d 646, 652, 94 S.Ct. 690.)

This rule has been applied in a variety of contexts. (See *Transamerica Mortgage Advisors, Inc.* v. *Lewis* (1979) 444 U.S. 11, 17 [62 L.Ed.2d 146, 153, 100 S.Ct. 242] [no private right of action implied where not provided by statute]; *Botany Mills* v. *United States* (1929) 278 U.S. 282, 288-289 [73 L.Ed.2d 379, 385, 49 S.Ct. 129] [statute prescribing the method for compromising tax cases precludes compromise by other methods]; *Garson* v. *Juarique* (1979) 99 Cal.App.3d 769, 773-774 [160 Cal.Rptr. 461] [ordinance requiring physical restraint of dogs excludes psychological restraints].) We think its application especially appropriate where the Legislature has established comprehensive and detailed procedures and criteria for the recovery of expenses.

■ The comprehensive nature of the statutory scheme is evidenced by the applicability of either section 11470.1 or 11470.2, or both, to every possible procedural setting in which the recovery of expenses may be sought. Section 11470.2 applies where a defendant is being tried for or has been convicted of the offense underlying the expenses. Section 11470.1 contains no "underlying offense" limitation. Therefore, the statute may be used to recover expenses not only upon conviction of the underlying offense, but where the expenses did not directly flow from the underlying offense, and, in either event, where no criminal charges were filed. Because of the all-encompassing nature of the remedy provided by the Legislature to law enforcement for the recovery of expenses, we may presume it intended to preclude the imposition of such expenses outside the procedures set forth in sections 11470.1 or 11470.2.

■ Second, we must construe statutes "toward giving [them] meaning and effect. [Citations.]" (*East Bay Municipal Utility Dist.* v. *Appellate Department* (1979) 23 Cal.3d 839, 843 [153 Cal.Rptr. 597, 591 P.2d 1249].) Were we to hold that expenses were recoverable through the procedures normally accompanying restitution proceedings, the meaning and effect of these statutes would be undermined. The meaning and effect of section 11470.2 would in large measure be nullified because restitution could alternatively be sought as a condition of probation pursuant to Penal Code sections 1203.1 and 1203.04. The statute would retain vitality only where probation was not granted. Given the choice between the informal procedures required by decisional law to impose restitution and the formal proce-

dures, including the right to a jury trial, required by section 11470.2, the statute would seldom, if ever, be implemented. Interpreting the procedures of section 11470.2 as discretionary would, in large part, emasculate the effect of this statute.

The same holds true for section 11470.1, insofar as the statute authorizes the recovery in a criminal case of expenses not attributable to an underlying offense. Most prosecutors would, given the choice, prefer to avoid the formal procedures of a civil action. This is especially true where those procedures demand, in some cases, a more exacting burden of proof than that employed in standard restitution hearings.

The Legislature's intent to bring all actions for the recovery of expenses under the umbrella of sections 11470.1 and 11470.2 is further demonstrated by the exclusion of "costs incurred in use of the herbicide paraquat." (§ 11470.1, subd. (f)(1).) It cannot reasonably be argued that this provision applies only where either section 11470.1 or 11470.2 is invoked, but that such costs are recoverable if the prosecution seeks restitution outside this statutory scheme.

Similarly, had the Legislature believed the existing procedures were adequate, it would not have had strong reason to enact section 11470.2. As noted, expenses could be recovered as a condition of probation under the principles of decisional law then existing. ▉ The Legislature is presumed to act "with full knowledge of the state of the law at the time." (*In re Misener* (1985) 38 Cal.3d 543, 552 [213 Cal.Rptr. 569, 698 P.2d 637].) We can therefore assume that the Legislature intended to supplant the decisional authority with the more comprehensive procedures of section 11470.2.

▉ A third applicable rule of statutory construction "is that where the same subject matter is covered by inconsistent provisions, one of which is special and the other general, the special one, whether or not enacted first, is an exception to the general statute and controls unless an intent to the contrary clearly appears." (*Consumers Union of U.S., Inc.* v. *California Milk Producers Advisory Bd.* (1978) 82 Cal.App.3d 433, 446 [147 Cal.Rptr. 265].) ▉ Sections 11470.1 and 11470.2 are aimed particularly at the recovery of expenses for seizing, eradicating, destroying or taking remedial action, with respect to controlled substances or their precursors, whereas Penal Code sections 1203.1 and 1203.04 are general statutes on probation and restitution. Thus, to the extent sections 11470.1 and 11470.2 conflict with the procedures required to impose a restitution condition under Penal Code sections 1203.1 and 1203.04, the former statutes, because they allow the government to recover a specific type of expenses, should govern.

In sum, we view the aims of sections 11470.1 and 11470.2 as twofold. First, the Legislature intended to provide law enforcement authorities with a broad remedy to recover the costs of seizing or disposing of controlled substances and their precursors. Prior to the legislation, such costs were recoverable only upon a criminal conviction, and then only as part of a restitution condition where probation was granted. Second, the Legislature intended to set forth formal procedures for the recovery of expenses and to define those expenses which are recoverable. As the legislative history reveals, these procedures were designed to strike a balance between protecting the rights of defendants and alleviating law enforcement's financial burden of seizing or disposing of controlled substances and their precursors. Our holding that the recovery of such costs cannot be pursued by other means is consistent with the achievement of these twin objectives.

We hold, based on the foregoing, that where the government seeks compensation for the expenses recoverable under sections 11470.1 and 11470.2, the government must abide by the procedures of the applicable statute or statutes. In this case, because the expenses were not directly related to an "underlying offense," the prosecution should have instituted a civil action for recovery under section 11470.1. Because it failed to do so, the restitution order must be stricken.

We address one final matter relevant to the disposition of this case: whether the costs recoverable under section 11470.1 may be imposed as a condition of probation. As noted, this statute may be used where section 11470.2 applies, and also where the expenses are not related to the "underlying offense." Unlike section 11470.2, however, this statute does not provide that expenses may be imposed as a condition of probation. However, interpreting this statute to preclude a probation condition would contravene Penal Code section 1203.04's directive that restitution "shall" be required as a condition of probation. In reconciling these statutes, we " 'are bound, if possible, to maintain the integrity of both statutes if the two may stand together.' " (*In re Marriage of Brown* (1979) 99 Cal.App.3d 702, 706 [160 Cal.Rptr. 524].) " ' "In the construction of a particular statute, ... all acts relating to the same subject, or having the same general purpose, should be read in connection with it, as together constituting one law." ' [Citations.] The statutes should be construed together if they harmonize and achieve a uniform and consistent legislative purpose. [Citations.]" (*Isobe* v. *Unemployment Ins. Appeals Bd.* (1974) 12 Cal.3d 584, 590-591 [116 Cal.Rptr. 376, 526 P.2d 528].)

To achieve this end, we hold that a court may impose, as a condition of probation, the costs for which defendant was found liable

pursuant to a section 11470.1 hearing. Such a hearing may precede the trial on the criminal charges, or, if defendant exercises his right to continue the section 11470.1 action pursuant to subdivision (c), the hearing may function in lieu of a restitution hearing following the grant of probation. This result preserves the integrity of both section 11470.1 and Penal Code section 1203.04. It furthers the legislative intent that restitution be part of a defendant's conditions of probation. It also ensures compliance with section 11470.1 even where the prosecution seeks to impose the costs of recovery as a condition of probation. A contrary result would create an unjustified distinction between persons convicted of an underlying offense and persons convicted of an offense unrelated to the recovery of expenses. Therefore, we do not interpret section 11470.1 as depriving the court of its power to impose a restitution condition for recoverable expenses proved under section 11470.1, nor do we interpret Penal Code section 1203.04 as obviating the necessity to seek the recovery of expenses under section 11470.1.

## V. *Disposition*

■■■ "Conditions of probation which are not authorized by law are severable and do not affect the valid conditions of the order." (*In re Allen* (1969) 71 Cal.2d 388, 394 [78 Cal.Rptr. 207, 455 P.2d 143], disapproved on other grounds in *Fuller* v. *Oregon* (1974) 417 U.S. 40 [40 L.Ed.2d 642, 94 S.Ct. 2116].) ■■■ The restitution condition of probation was imposed in an unauthorized manner and therefore must be stricken. The order granting probation is otherwise affirmed. The case is remanded for proceedings consistent with this opinion.

Barry-Deal, J., and Merrill, J., concurred.