Filed 9/27/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H046161 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1766594) |
| v. | |
| KAREN LYNN SCARBROUGH, | |
| Defendant and Appellant. | |

Defendant Karen Lynn Scarbrough challenges the trial court's authority to order as part of a prison sentence victim restitution to reimburse Santa Clara County for the cost of her extradition from Virginia after she failed to appear for sentencing. Concluding that the court exceeded its authority under Penal Code section 1202.4, we will modify the judgment to strike that restitution, and affirm the judgment as modified.

## I. BACKGROUND

Defendant was charged by criminal complaint with seven counts of human trafficking. (Pen. Code, § 236.1, subd. (c); counts 1 through 7. Unspecified statutory references are to the Penal Code.) She pleaded no contest to an orally amended count 8 (§ 236.1, subd. (a)) and agreed to a five-year prison term as part of a negotiated disposition. Defendant was released from custody on her own recognizance and she was ordered to appear for sentencing two months later. She entered a *Cruz* waiver, giving the trial court the power to "withdraw its approval of the [] plea and impose a sentence in excess of the bargained-for term" in the event she willfully failed to appear for sentencing. (*People v. Cruz* (1988) 44 Cal.3d 1247, 1254, fn. 5.)

Defendant did not report to pretrial services after her release as she had been ordered to do, nor did she appear at the sentencing hearing. A bench warrant was issued. Defendant was arrested in Virginia, extradited to California, and sentenced to the middle term of eight years in state prison. The court also ordered defendant to pay $9,363.92 restitution to Santa Clara County for the cost of her extradition.

## II. DISCUSSION

Defendant argues the trial court lacked authority to order restitution for the county's extradition costs under section 1202.4, which addresses a crime victim's right to restitution in criminal cases. Her claim presents a legal question which was not forfeited by her failure to object in the trial court. (*People v. Slattery* (2008) 167 Cal.App.4th 1091, 1095.)

Subdivision (a)(1) of section 1202.4 declares the Legislature's intent "that a victim of crime who incurs an economic loss as a result of the commission of a crime shall receive restitution directly from a defendant convicted of that crime." A court is required to order restitution to a victim "in every case in which a victim has suffered economic loss as a result of the defendant's conduct." (*Id.*, subd. (f).) A government agency comes within the statutory definition of victim "when that entity is a direct victim of a crime." (*Id.*, subd. (k)(2).)

In *People v. Ozkan* (2004) 124 Cal.App.4th 1072 (*Ozkan*) the defendant was convicted of grand theft by fraud and filing false and fraudulent tax returns. (*Id.* at p. 1073.) The court rejected the argument that restitution could be ordered under section 1202.4 to reimburse law enforcement agencies for costs incurred in investigating the defendant's criminal conduct leading to the conviction because "[u]nder the relevant case law and the statutory scheme, public agencies are not directly 'victimized' for purposes of restitution under Penal Code section 1202.4 merely because they spend money to investigate crimes or apprehend criminals." (*Ozkan*, at p. 1077.) Similarly, the court in *People v. Torres* (1997) 59 Cal.App.4th 1 (*Torres*) concluded that a sheriff's

2

office was not entitled to restitution under section 1202.4 for funds expended buying illegal drugs from a defendant because the county did not become the direct victim of a crime by spending money to purchase drugs in the course of its criminal investigation. (*Torres*, at pp. 4–5.)

The Attorney General urges us to distinguish *Ozkan* and *Torres* because neither involved an extradition. The Attorney General argues the county was victimized within the meaning of section 1202.4 because defendant was admonished by the judge not to make him "look stupid" for releasing her on her own recognizance, and defendant defied the court by fleeing the state, which necessitated her extradition. He also argues that the enactment of legislation overruling *People v. Burnett* (1978) 86 Cal.App.3d 320 (holding recovery of extradition costs is not a reasonable condition of probation under section 1203.1) "reflects a legislative determination that the costs of extradition, unlike the costs of investigation and apprehension, represent a victimization by a defendant of the state."

The Attorney General ignores that a court's authority to recover extradition costs from an absconding probationer (approved post-*Burnett* under Penal Code section 1203.1b, subdivision (a)) is not *restitution* but rather a " 'reasonable cost of any probation supervision.' " (*People v. Washington* (2002) 100 Cal.App.4th 590, 591.) He also ignores established precedent limiting restitution under section 1202.4 to losses from "the criminal activity that formed the basis of the conviction." (*People v. Woods* (2008) 161 Cal.App.4th 1045, 1049 (*Woods*).) In *People v. Birkett* (1999) 21 Cal.4th 226, the Supreme Court concluded that insurers do not have a right to restitution for amounts paid to policyholders for crime-related losses under an earlier version of section 1202.4 authorizing restitution to business and government entities only when they are direct victims of a crime. (*Birkett*, at p. 232, citing former § 1203.04, subd. (j).) More recently, in *People v. Martinez* (2005) 36 Cal.4th 384 the Supreme Court held that a state agency disposing of hazardous substances from an illegal drug laboratory was not a direct victim

3

of the defendant's criminal conduct (attempting to manufacture methamphetamine) under section 1202.4, subdivision (k)(2). (*Martinez*, at pp. 386, 393–394.) And the court in *People v. Slattery* (2008) 167 Cal.App.4th 1091, 1096–1097, held that a hospital that treated a crime victim was also not a direct victim of the crime under section 1202.4, subdivision (k)(2).

Where, as here, a court denies probation and imposes a prison sentence, "section 1202.4 limits the scope of victim restitution to losses caused by the criminal conduct for which the defendant sustained the conviction." (*Woods*, *supra*, 161 Cal.App.4th at p. 1050; see also *People v. Baker* (1974) 39 Cal.App.3d 550, 559 ["The government may be [reimbursed as a crime victim] if it has incurred actual loss due to the crime, as in the instance of tax evasion or theft of government property, but [] not [for] the general costs of prosecuting and rehabilitating criminals"].) Not being placed on probation, defendant is not subject to reasonable conditions and costs associated with probation supervision. (See §§ 1203.1, 1203.1b.) She was convicted of human trafficking, and her extradition did not arise out of the conduct which formed the basis of her conviction. The county was not a direct victim of defendant's crime, and the trial court exceeded its authority under section 1202.4 by ordering restitution for the cost of defendant's restitution.

### III. DISPOSITION

The judgment is modified to strike the $9,363.92 restitution award. As modified, the judgment is affirmed.

The clerk of the superior court shall prepare and transmit to the Department of Corrections and Rehabilitation an amended abstract of judgment reflecting this disposition.

4

_____

Grover, J.

**WE CONCUR:**


_____

Mihara, Acting P. J.


_____

Danner, J.


**H046161 -** *The People v. Scarbrough*

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court, Case No.: C1766594 |
| Trial Judge: | Hon. Socrates Peter Manoukian |
| Attorneys for Plaintiff/Respondent: The People | Xavier Becerra<br>  Attorney General of California<br>Gerald A. Engler<br>  Chief Assistant Attorney General<br>Jeffrey M. Laurence<br>  Senior Assistant Attorney General<br>Eric D. Share<br>  Supervising Deputy Attorney General<br>Ronald E. Niver<br>  Deputy Attorney General |
| Attorney for Defendant/Appellant: Karen Lynn Scarbrough | Gabriel Bassan<br>  Attorney at Law |