[No. 12456-8-III.   Division Three.   January 4, 1994.]

THE STATE OF WASHINGTON, *Respondent,* v. ADNAN ADHAM AWAWDEH, *Appellant.*

374

*Hugh M. Spall, Jr.,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Bruce Hanify, Deputy,* for respondent.

*Russell J. Frackman, Steven J. D'Onofrio,* and *Donald J. Valdez,* amicus curiae.

SWEENEY, J. — A jury convicted Adnan Adham Awawdeh of failing to disclose the origin of a recording in violation of RCW 19.25.040. He contends (1) the statute is preempted by the federal copyright act, 17 U.S.C. § 101 *et seq.*; (2) the court erred in imposing restitution and in prohibiting him from engaging in the business of selling cassette tapes; (3) the statute is void for vagueness; (4) the State failed to prove

the essential elements of the crime; and (5) the court erred in instructing the jury. The conviction is affirmed; the order of restitution and the condition of supervision is reversed.

## FACTUAL BACKGROUND

On October 1, 1991, Ralph Vaughan, the northwest regional director of the Recording Industry Association of America, Inc. (RIAA) told Lieutenant Stewart Graham of the Yakima County Sheriff's Department that he had reason to believe counterfeit cassette tapes were being sold at the Central Washington State Fair in Yakima. RIAA is a nonprofit corporation which functions as the trade association for the major sound recording companies. Lieutenant Graham went to the fair where he saw Mr. Awawdeh selling tapes at a display booth. After inspecting the tapes, Lieutenant Graham concluded that the tapes were counterfeit based on the information provided by Mr. Vaughan. He purchased two tapes and mailed them to Mr. Vaughan who confirmed that the tapes were counterfeit. On October 3, Lieutenant Graham obtained a search warrant and returned to the fair. He confiscated over 200 cassette tapes from the display booth and over 700 tapes from Mr. Awawdeh's car.

By amended information, Mr. Awawdeh was charged with failure to disclose the origin of a recording in violation of RCW 19.25.040.[1] At trial, he denied knowing the tapes were counterfeit. The court instructed the jury that a person knows or acts knowingly when he is aware of a fact or has information

---

[1]RCW 19.25.040 provides in pertinent part:

"(1) A person is guilty of failure to disclose the origin of a recording when, for commercial advantage or private financial gain, the person knowingly advertises, or offers for sale, resale, or rent, or sells or resells, or rents, leases, or lends, or possesses for any of these purposes, any recording which does not contain the true name and address of the manufacturer in a prominent place on the cover, jacket, or label of the recording.

"(2) An offense under this section is a felony punishable by:

"(a) A fine of not more than two hundred fifty thousand dollars, imprisonment for not more than ten years, or both, if:

"(i) The offense involves at least one hundred unauthorized recordings during a one hundred eighty-day period;"

which would lead a reasonable person in the same situation to believe that facts exist which describe a crime. The jury returned a verdict of guilty.

Mr. Awawdeh moved to arrest the judgment, claiming that RCW 19.25.040 was void for vagueness and the court's instruction on knowledge was erroneous. The court denied the motion. At sentencing, Mr. Awawdeh was ordered not to sell cassette tapes, legal or counterfeit, and was ordered to pay $1,300 in restitution to RIAA and the sheriff's office. He appeals.

PREEMPTION BY FEDERAL COPYRIGHT LAW

Mr. Awawdeh first contends federal copyright law, 17 U.S.C. § 101 *et seq.*, preempts RCW 19.25.040. His position is that the state statute contains no criminal elements qualitatively different from a federal copyright infringement claim. We do not agree.

A state may not exercise a sovereign power which has been retained by the federal government for its exclusive exercise. *Goldstein v. California*, 412 U.S. 546, 552, 37 L. Ed. 2d 163, 93 S. Ct. 2303 (1973). Congressional intent to preempt a state law may be expressed in a federal statute. *Inlandboatmen's Union v. Department of Transp.*, 119 Wn.2d 697, 701, 836 P.2d 823 (1992). Absent that expression, the intent may be implied if (1) the federal scheme is so pervasive as to infer that Congress left no room for the states to supplement it; (2) the federal scheme touches a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws; or (3) the goals sought or the obligations imposed reveal a purpose to preclude state authority. *Inlandboatmen's Union*, at 701 (citing *Wisconsin Pub. Intervenor v. Mortier*, 501 U.S. 597, 115 L. Ed. 2d 532, 111 S. Ct. 2476, 2481-82 (1991)). A party claiming preemption bears the burden of proof. *Inlandboatmen's Union*, at 702.

Copyright Infringement. If under state law the act of distribution will *in itself* infringe the state-created right, then such right is preempted. In *State v. Smith*, 115 Wn.2d 434, 798 P.2d 1146 (1990), the court described federal preemption as follows:

> If under state law the act of reproduction, performance, distribution or display, no matter whether the law includes all such acts or only some, will *in itself* infringe the state created right, then such right is preempted. But if other elements are required, in addition to or instead of, the acts of reproduction, performance, distribution or display, in order to constitute a state created cause of action, then the right does not lie "within the general scope of copyright," and there is no preemption.

*Smith*, at 440 (quoting 1 M. & D. Nimmer, *Copyright* § 1.01[B], at 1-13 to 1-14 (1989)). The extra element must be one which changes the nature of the action such that state law is qualitatively different from copyright infringement proscriptions. *Smith*, at 440.

Recently, in *People v. Borriello*, 155 Misc. 2d 261, 588 N.Y.S. 2d 991 (1992), the court rejected an argument similar to that advanced by Mr. Awawdeh. The New York statute at issue in *Borriello* was almost identical to the one under which Mr. Awawdeh was prosecuted.[2] The *Borriello* court noted the extra element in the New York statute was the requirement that the recording's outer container not be deceptive:

> This statute does not require the defendant to infringe the rights of the copyright owner. This statute can be violated even if the transferor has permission and authority to sell the recording from the copyright owner if the labels or packages are deceptive.

*Borriello*, 588 N.Y.S.2d at 996. The conduct proscribed by the New York law was different from the conduct proscribed by the federal copyright act. The extra element — the failure to clearly and conspicuously disclose the actual name and address of the manufacturer — made the statute qualitatively different from the federal copyright act. *Borriello*, 588 N.Y.S.2d at 996.

---

[2]"A person is guilty of failure to disclose the origin of a recording in the second degree when, for commercial advantage or private financial gain, he knowingly advertises or offers for sale, resale, or rental, or sells, resells, or rents, or possesses for such purposes, *a recording the outside cover, box, or jacket of which does not clearly and conspicuously disclose the actual name and address of the manufacturer and the name of the performer or principal artist*." (Italics ours.) *Borriello*, 588 N.Y.S.2d at 996 (quoting N.Y. Penal Law § 275.35 (McKinney Cum. Supp. 1990)).

■ The federal copyright act protects an owner's property right in his or her intellectual property.[3] The rights protected by both the Washington and New York statutes are those of the consumer. "Failure to Disclose the Origin of a Recording is a consumer protection statute enacted to protect the public from purchasing under a false belief". *Borriello*, 588 N.Y.S.2d at 996 (citing *People v. M&R Records, Inc.*, 106 Misc. 2d 1052, 1057, 432 N.Y.S.2d 846 (1980)).

We adopt the rationale of *Borriello*. RCW 19.25.040 requires an appropriate and accurate identification of the manufacturer. RCW 19.25.040 does not regulate the contents of a recording. Federal copyright law does not preempt the statute.

RESTITUTION/PROHIBITION FROM SALES

Mr. Awawdeh next maintains the court erred in prohibiting him from selling any tapes, legal or counterfeit, and in requiring that he pay $1,300 restitution to RIAA and the sheriff's office.

Restitution. Restitution may be ordered whenever an offense results in injury to any person or damage to or loss of property. RCW 9.94A.142(2). It must be related to the basis of the charged crime. *State v. Steward*, 52 Wn. App. 413, 415, 760 P.2d 939 (1988). Restitution is appropriate if the damages are foreseeable and there is a causal connection between the crime and the injuries for which compensation is sought. *State v. Clapp*, 67 Wn. App. 263, 276, 834 P.2d 1101 (1992), *review denied*, 121 Wn.2d 1020 (1993).

■ A person who is entitled to restitution includes " 'any person who has sustained physical or financial injury to person or property as a direct result of the crime charged.' " *State v. Davison*, 116 Wn.2d 917, 920, 809 P.2d 1374 (1991)

---

[3]17 U.S.C. § 102(a) provides in part:

Copyright protection subsists, in accordance with this title, in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device.

Works of authorship include the following categories: literary works, musical works, dramatic works, pantomimes, pictorial, graphic and sculptural works, motion pictures, sound recordings and architectural works. 17 U.S.C. § 102(a).

(quoting former RCW 9.94A.030(28)). Restitution, which may include both public and private costs, is based on "easily ascertainable damages for injury to or loss of property, actual expenses incurred for treatment for injury to persons, and lost wages resulting from injury." RCW 9.94A.142(1), .030(25). An award of restitution is within the discretion of the trial court and will not be disturbed absent abuse of discretion. *Davison*, at 919; *Clapp*, at 276.

Here, neither the sheriff's office nor RIAA has shown a financial injury or loss of property as a direct result of the crime charged. Former RCW 9.94A.030(32). RIAA is a nonprofit trade association. Record companies and musicians may have lost profits as a result of Mr. Awawdeh's activities, but RIAA has not. Therefore, RIAA and the sheriff's office are not victims as contemplated by former RCW 9.94A.030 (32).

Moreover, the court did not hold an evidentiary hearing. *State v. Pockert*, 53 Wn. App. 491, 498, 768 P.2d 504 (1989). The court imposed restitution of $1,300 based on the following rationale: "That's what I believe both the sheriff's office and Mr. Vaughan spent either in the investigation or appearance, travel time and so on. . . . $1,300 represents what I believe to be probable out-of-pocket expenses for the investigation."[4] While damages need not be proved with certainty, the evidence of damages must be sufficient to afford a reasonable basis for estimating the loss and must not subject the trier of fact to mere speculation or conjecture. *State v. Pollard*, 66 Wn. App. 779, 785, 834 P.2d 51, *review denied*, 120 Wn.2d 1015 (1992). That reasonable basis is lacking here.

Supervision Condition. While conceding that the trial court has statutory authority to impose crime-related prohibitions, Mr. Awawdeh maintains that the court erred in prohibiting him from lawfully selling cassette tapes. He argues that lawfully selling tapes is not a crime and cannot be prohibited.

---

[4]RIAA had requested restitution of $9,000 for lost profits, based on a $10 sale value of each tape multiplied by 900 tapes.

■ As part of any sentence, the court may impose an order that relates directly to the circumstances of the crime for which the offender has been convicted. RCW 9.94A.120(17). A court may, in sentencing a first-time offender, require that the offender refrain from committing new offenses. RCW 9.94.120(5).

The State argues that the supervisory condition is warranted because Mr. Awawdeh refused to acknowledge the tapes were counterfeit. While this was true at trial, at the sentencing hearing, Mr. Awawdeh said that he was "just doing this for my living, supporting my family. And I just won't do it anymore." Although selling counterfeit tapes is directly related to the circumstances of the crime, engaging in the business of lawfully selling tapes is not. The condition of supervision is reversed.

The conviction is affirmed; the order of restitution and the condition of supervision is reversed.

The remaining portion of this opinion has no precedential value and in accordance with RCW 2.06.040 will not be published.

THOMPSON, C.J., and COOPER, J. Pro Tem., concur.

Review denied at 124 Wn.2d 1004 (1994).