874 So.2d 18 (2004)
James LEWIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-4048.
District Court of Appeal of Florida, Fourth District.
April 21, 2004.
Rehearing Denied June 14, 2004.
Carey Haughwout, Public Defender, and Nan Ellen Foley, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant appeals the trial court's order revoking his probation as well as the order of restitution. He claims that the trial court revoked his probation because he *19 tested positive for marijuana when drug testing was not imposed as a condition of probation. Because the court found that appellant failed to abide by the conditions of probation by using a controlled substance, this drug testing issue was not properly preserved, and we affirm. However, we reverse the restitution award made to the Broward County Sheriff's Office Restitution Fund because the sheriff's office is not considered a "victim" under the statute authorizing restitution.
In 1991, appellant James Lewis pled to multiple counts of armed sexual battery, robbery, and aggravated battery on an elderly person. The court imposed a negotiated sentence of sixteen and one-half years imprisonment followed by ten years of probation on one count, and concurrent fifteen-year prison terms on the remaining counts. The written order of probation imposed conditions that required appellant not to violate any law or use controlled substances without a prescription and to abide by the instructions of his probation officer.
Appellant was released from prison in 1998 and began serving his probationary term. Approximately three years later the state filed an affidavit of violation of probation which included the following allegations:
Violation of Condition (15), which states, "you shall not do any of the following (without first obtaining the consent of your probation officer), violate any law of any city, county, state, or the United States (a conviction in a court of law is not necessary for you to be found in violation)," in that, the aforesaid, on or about 2/5/01, did possess marijuana as evidenced by the aforesaid testing positive for marijuana as a result of a urine drug test given to him in the DeLand probation office on 2/5/01 with this test being confirmed by PharmChem Laboratories on 2/9/01.
Violation of Condition (J4), which states, "You must do each and every of the following, follow carefully and faithfully both the letter and spirit of valid instructions given you by a duly authorized probation officer," in that, the aforesaid was instructed by his officer to refrain from use of drugs and the aforesaid failed to comply with this instruction on or about 2/5/01 as evidenced by the aforesaid testing positive for marijuana as a result of a urine drug test given to him in the DeLand probation office on 2/5/01 with this test being confirmed by PharmChem Laboratories on 2/9/01.
At the revocation hearing, Lewis's probation officer testified that he instructed Lewis as to the conditions of his probation, including the requirement not to use controlled substances. When appellant came to the probation office in February 2001, the officer told Lewis that he wanted him to submit to a urine test. Lewis told him it would test positive for marijuana but agreed to take the test. Indeed, the test proved positive for marijuana and was admitted into evidence. The officer had Lewis sign an admission, which was also entered into evidence.
The trial court deferred ruling on the allegation that Lewis violated the law by testing positive for marijuana, but found that he had substantially violated his probation by failing to follow the officer's instructions on the use of drugs, as well as committing a second violation by driving while his license was suspended.[1]
*20 On appeal, Lewis claims that the court relied on his positive test for marijuana to revoke his probation when drug testing was not a condition of his probation. This issue was never raised in the trial court and was thus not properly preserved for appeal. It is also not fundamental error. The state charged appellant with failing to follow his probation officer's instructions not to use drugs. The probation order contained a specific condition that Lewis not use controlled substances, and the officer instructed Lewis on this condition. Not only was this proven by the positive drug test which was not objected to at trial on this ground, but it was also proven by Lewis's own admission. Therefore, no fundamental error is present.
We distinguish Alvarez v. State, 635 So.2d 1053, 1054 (Fla. 4th DCA 1994), in which this court held that the trial court erred in revoking probation based upon a positive drug test where there was no condition requiring testing in the probation order. That case neither involved fundamental error nor a probationer who admitted the violation.
We reverse the order of restitution which required appellant to pay restitution, as mandated by section 775.089, Florida Statutes (2001), to the "Sheriff of Broward County Restitution Fund-BSO Finance Division." Because the sheriff's office does not meet the statutory definition of "victim" it is fundamental error to order restitution to be paid to the sheriff's office. See Rodriguez v. State, 691 So.2d 568, 569 (Fla. 2d DCA 1997) (citations omitted). Although in some cases a government agency may be a conduit for directing restitution money to the ultimate victim, see Seidman v. State, 847 So.2d 1144, 1146 (Fla. 4th DCA 2003), there is no evidence in this case that the order was intended for a victim. Therefore, the court erred in ordering restitution to the sheriff's office.
Affirmed in part; reversed in part and remanded to vacate the order of restitution.
POLEN and KLEIN, JJ., concur.
NOTES
[1] The state also charged appellant with violating probation by driving with a suspended license. He has challenged the trial court's findings with respect to that condition. However, we affirm on that issue without further discussion. The marijuana violation was clearly the more important of the violations charged.