979 So.2d 1086 (2008)
Johnny ALBERTIE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-2417.
District Court of Appeal of Florida, Third District.
April 9, 2008.
Bennett H. Brummer, Public Defender, and Maria E. Lauredo, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Nicholas Merlin, Assistant Attorney General, for appellee.
Before SHEPHERD and SUAREZ, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
Albertie appeals from an order of restitution imposed after he pled guilty to possessing with intent to sell 818 compact disks, which he had unlawfully "burned" from legitimately purchased recordings. Because the restitution was ordered to the Recording Industry Association of America (RIAA), a trade association for record companies, rather than the particular companies (the exact identity of which was undetermined) whose recordings had been *1087 unlawfully reproduced, we reverse the order under review.
This holding is based on the determination that, as was held in the well-reasoned cases of People v. Colon, 8 Misc.3d 569, 798 N.Y.S.2d 856 (N.Y.Sup.Ct.2005), affirmed as modified, 46 A.D.3d 260, 847 N.Y.S.2d 44 (N.Y.App.Div.2007), and State v. Awawdeh, 72 Wash.App. 373, 864 P.2d 965 (1994), review denied, 124 Wash.2d 1004, 877 P.2d 1288 (1994), cert. denied, 513 U.S. 970, 115 S.Ct. 441, 130 L.Ed.2d 352 (1994), the RIAA does not qualify as a "victim," which may be the subject of a restitution order under our statutes. See § 775.089(1)(c), Fla. Stat. (2006).[1],[2] This, in turn, is the case because the RIAA neither itself suffered a "loss" from the forgery of its members' compact disks, nor falls within the "conduit" exception to the rule requiring such a loss, as recognized in Seidman v. State, 847 So.2d 1144, 1146 (Fla. 4th DCA 2003). The exception applies when a collection agency merely passes along the sums received to the "real" victims. In this case, however, the RIAA does not remit any restitution received to the entity which made the recording, but rather, in effect treats any restitution payments as general income, deducting them from the "dues" payments it requires from all of its members. Thus, the RIAA falls directly within the category of an affected, but non-victim, third party to which restitution may not be awarded. See Lewis v. State, 874 So.2d 18 (Fla. 4th DCA 2004); Jones v. State, 846 So.2d 662 (Fla. 2d DCA 2003); Sheppard v. State, 753 So.2d 748 (Fla. 2d DCA 2000); Eloshway v. State, 553 So.2d 1258 (Fla. 4th DCA 1989), review denied, 564 So.2d 486 (Fla.1990).
Reversed.
NOTES
[1] Section 775.089(1)(c) provides:

The term "victim" as used in this section and in any provision of law relating to restitution means each person who suffers property damage or loss, monetary expense, or physical injury or death as a direct or indirect result of the defendant's offense or criminal episode, and also includes the victim's estate if the victim is deceased, and the victim's next of kin if the victim is deceased as a result of the offense.
[2] This determination makes it unnecessary to consider the appellant's other arguments for reversal.