Filed 1/16/14  P. v. Valdes CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057407 |
| v. | (Super.Ct.No. FVI900542) |
| JULIO LAZARD VALDES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Jules E. Fleuret, Judge.  Reversed.

Rex Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Scott C. Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Julio Lazard Valdes was sentenced to two years and four months in prison after he pled no contest to owning and operating a chop shop (Veh. Code, §

10801) and attempting to take a vehicle without the owner's consent (Pen. Code, § 664; Veh. Code, § 10851, subd. (a)).  In this appeal, defendant challenges the victim restitution order in favor of an entity representing an auto insurance company.  As discussed below, the law is quite clear that a victim restitution award cannot be made to an insurance company that merely indemnifies its insured for the insured's loss as a direct victim of the defendant.  For this reason, we reverse the award and remand for a further restitution hearing to benefit any identifiable direct victims of defendant's crimes.

### STATEMENT OF FACTS AND PROCEDURE

On March 12, 2009, police investigators entered defendant's residential property and located several stolen vehicles, several of which were being dismantled.  After defendant pled guilty, was sentenced and his conviction was upheld on appeal, the trial court set a victim restitution hearing.  The hearing was continued a number of times.

At a hearing held on July 20, 2012, defense counsel[1] stated "I believe we're willing to stipulate to the amount that was requested by the People."  However, counsel questioned whether the court still had jurisdiction to order restitution because defendant had served his sentence and been released from parole.  Before continuing the hearing, the trial court clarified that "the amount is not being contested, it's the lawfulness of the order."  Defense counsel concurred.

The People filed its restitution brief on July 27, 2012, asking the court to order restitution in the amount of $14,441.01, payable to Stuart Allan & Associates, Inc.,

---

[1] Deputy Public Defender Richard LaFianza appeared for defendant.

2

representative of Farmers Insurance.  The total subrogated amount was based on a claim of $12,307.26, plus a deductible of $500, plus the net salvage value of $1,633.75. Curiously, the brief correctly cited to a California Supreme Court case, *People v. Birkett* (1999) 21 Cal.4th 226, for the proposition, presented partly in underlined, bold font, that "**insurance companies are not direct victims** entitled to criminal restitution simply by virtue of the fact that they have reimbursed a criminal victim for losses for which they have a contractual responsibility to do so."  Despite this emphasized, correct statement of the law, the People concluded its brief by asking the court to order restitution to the insurance company's representative rather than to any direct victim of defendant's crimes.

At the hearing finally held on October 25, 2012, defense counsel[2] objected to how the amount was calculated.  Specifically, counsel questioned whether the amounts for deductible and salvage value should be added to the claim amount.  Rather, counsel argued those amounts should be, if anything, subtracted from the claim amount of $12,307.26 because they were amounts not paid by the insurance company.  In particular, defense counsel reasoned that the salvage value is an amount paid to the insurance company for selling the vehicle.  The court awarded the full amount of victim restitution, including deductible and salvage value, to the claimant.  This appeal followed.

---

[2] Deputy Public Defender Philip Zywiciel appeared for defendant.

DISCUSSION

Defendant argues the order must be reversed because no evidence was submitted that the recipient of the ordered restitution was a direct victim of defendant's crimes. The People counter that defendant forfeited any challenge to the restitution order because he stipulated to the award in the trial court.

Penal Code, section 1202.4 requires the trial court ['the court shall . . . "] to order the defendant to pay restitution to any victims. (Pen. Code, § 1202.4, subd. (a)(3)(B).) " . . . [I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount, established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." (Pen. Code, § 1202.4, subd. (f).)

In *People v. Birkett*, the defendant, like defendant here, stole cars and ran a "chop shop." The defendant's objective was to profit from the theft of the cars and the subsequent sale of their parts. The owners of the cars were the direct victims of the crime, and their property losses were reimbursed by their insurance companies. The Supreme Court held that "entitlement to restitution arises only in favor of '"direct" [crime] victim[s]" . . . and insurers [do] not become such "direct victim[s]" by reimbursing crime losses under the terms of their policies.' [Citation.]" (*People v. Moloy* (2000) 84 Cal.App.4th 257, 260 (*Moloy*).) In other words, "'[A]n insurer who has incurred expenses solely by virtue of a contractual duty to indemnify the direct victim is not itself an "object" of the crime and hence not a direct victim. [The insurer] cannot,

therefore, be the recipient of a . . . restitution order unless it is itself a direct victim of criminal conduct.' [Citations.]" (*Id.* at p. 260.) See also *People v. Saint-Amans* (2005) 131 Cal.App.4th 1076, 1085 [insurers that merely indemnify a direct victim of a crime "are not direct victims because they have a contractual obligation to assume such risks in exchange for premiums"].

*People v. Birkett* directly applies here, and so the trial court improperly acquiesced to the People's request and awarded victim restitution to the representative of the insurance company. The owners of the vehicles found on defendant's property are the direct victims of defendant's crimes. Although it appears that the insurance company here reimbursed one of the victims for their property loss, insurance companies do not become a direct victim "'by reimbursing crime losses under the terms of their policies.' [Citation.]" (*Moloy*, *supra*, 84 Cal.App.4th at p. 260.)

Further, defendant did not forfeit this claim in the trial court, both because the award constitutes an unauthorized sentence (*People v. Bartell* (2009) 170 Cal.App.4th 1258, 1261) and because it was an order in excess of the trial court's jurisdiction (*People v. Kelly* (2010) 189 Cal.App.4th 73, 80). As stated above, the trial court was expressly not permitted to award the representative of the insurance company victim restitution because neither the representative nor the insurance company is a direct victim of defendant's crimes.

**DISPOSITION**

The victim restitution award is reversed.  The matter is remanded to the trial court for a further restitution hearing to benefit any identifiable direct victims of defendant's crimes.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

MILLER
J.

CODRINGTON
J.

6