

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 40446-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MATTHEW M. JONES, | ) | |
| | ) | |
| Appellant. | ) | |

MURPHY, J. — Matthew Michael Jones (Jones) pleaded guilty to attempted first degree arson. Jones's guilty plea related to the second fire that had occurred at the affected home in a one year span. Unlike the first fire, this second fire resulted in total loss and demolition of the house.

Jones challenges the restitution order, arguing that the trial court erred by (1) speculating as to the value of the house at the time it was demolished, (2) ordering an unsupported amount for the value of an asbestos survey, and (3) failing to consider his request to waive interest on restitution.

The State responds that (1) sufficient evidence supported the trial court's valuation of the house, (2) the trial court made a scrivener's error as to the amount of the asbestos survey, and (3) the request to waive interest was not preserved or, alternatively, this court is not required to engage in an analysis of this issue in accordance with RCW 10.82.090.

We hold that (1) sufficient evidence provides a reasonable basis for the trial court's restitution order, (2) the scrivener's error on the amount for the asbestos survey must be corrected, and (3) Jones can seek relief under RCW 10.82.090 as to the interest on restitution when he is released from confinement or after the principal amount has been paid.

## FACTS

*Background*

The facts are largely undisputed. A property owner had a house in Spokane Valley that he used as a rental. Approximately one year before the subject fire involving Jones, a kitchen fire damaged the same house. The Spokane Valley Fire Department (SVFD) responded and additional damage was made to the roof by SVFD personnel in the course of putting out the fire. This fire did not destroy the house, but it did cause significant damage and the tenants thereafter vacated the property. SVFD provided an incident

report for the first fire estimating damages at $10,000 and the post-fire value of the house at $92,400.

The house remained unoccupied after the kitchen fire. The owner began remodeling, believing the house would be "re-habitable" after repairing the roof and wiring. 1 Rep. of Proc (RP) (Mar. 7, 2024) at 28.

Neither the Spokane County Assessor nor Zillow assessed the value of the house after the kitchen fire. Additionally, while the house had been insured prior to the kitchen fire, the owner chose not to make a claim with his insurance carrier or pursue compensation from the tenants who caused the fire. The house was not insured after the kitchen fire.

Approximately one year after the kitchen fire, Jones entered the property and started a fire. Damage to the house after this fire was extensive such that repairs could not be made, and the house was eventually demolished. Jones was arrested and ultimately pleaded guilty to attempted first degree arson.

*Sentencing*

At sentencing, Jones's counsel noted, "[I]t is going to be a very difficult restitution [amount] to figure out . . . that's why we're setting this out." RP (Nov. 30, 2023) at 10. Defense counsel also stated, "I am requesting that in the event the Court orders restitution

3

in the future that we have the interest fees waived, but I also [would] like to have waiver of the [criminal] filing fee, and the $500 victim [penalty assessment] based on [Jones's] lack of any financial circumstances." RP (Nov. 30, 2023) at 11.

The court considered Jones's financial situation and determined it was appropriate to waive the criminal filing fee and victim penalty assessment based on his indigency. The court noted Jones would have to pay restitution but stated, "The amount will be determined . . . [at the restitution hearing], and so we'll address that at that time." RP (Nov. 30, 2023) at 13. The court did not address Jones's request to waive interest during the sentencing hearing.

*Restitution hearing*

The restitution hearing occurred before a different judicial officer than the one who presided at the sentencing hearing. The State presented evidence that, prior to both fires, the county assessor valued this house at $110,800.00 and Zillow valued it at $186,700.00.  In the time between the two fires, neither the county assessor nor Zillow reassessed the house, nor did the property owner independently obtain a new valuation. After the fire set by Jones, the house was demolished due to extensive damage.

The demolition cost was $36,842.00. The owner also paid $658.85 for an asbestos survey and $530.00 for the demolition permit.[1]

The trial court admitted exhibits including the county assessor's report, the Zillow report, the asbestos survey invoice, the demolition invoice, photos of the damage after the kitchen fire, and SVFD's incident report relative to the kitchen fire.

The State requested restitution in the amount of $150,000.00, an amount that would include the lost value of the house, the costs of the asbestos survey, the demolition permit, and the demolition. Jones's counsel opposed restitution for the value of the house, asking that restitution be limited to $37,500.85 for the cost of the demolition plus the amount paid for the asbestos survey. Counsel for Jones argued that the State failed to prove the value of the house after the first fire and prior to the fire Jones caused. At this hearing, Jones's counsel did not renew the request to waive interest on restitution.

*Restitution order*

The court ordered restitution that included the costs of the asbestos survey, and the demolition, and the lost value of the house. The court concluded, "[T]he State met its

---

[1] The property owner testified he lost rental income due to the fire. However, because he did not have a tenant at the time of the second fire in March 2023, and because he did not provide sufficient evidence of specific steps he had taken to make the house habitable, the court declined to order restitution for lost rental income as speculative.

burden to establish the following submitted requests: Asbestos abatement ($685.85) and

demolition ($36,842[.00]).” Clerk’s Papers (CP) at 146. The court further concluded,

“There is a causal connection between Mr. Jones’[s] crime and rendering the House a

total loss. However, the value requested is not comparable to [the] state of [the] property

when Mr. Jone[s]’s conduct damaged it.” CP at 146. The court stated it was “not

reasonable” to rely on the county assessor’s report or the Zillow value. CP at 146.

However,

> the previously burned House had ***some*** value as it wasn’t in a condition
> that necessitated demolition until ***after*** Mr. Jones’[s] crime. . . . It is
> reasonable that the House had roughly as much value as the cost to
> demolish it. Accordingly, this Court is ordering $35,000 in restitution
> for the value of the damaged building.

CP at 146. The court ordered Jones to pay a total of $72,527.85 in restitution itemized as

follows: $685.85 for the asbestos survey, $36,842.00 for the demolition, and $35,000.00

for the value of the house.

Jones now appeals from the order on restitution.

ANALYSIS

We review an order of restitution for abuse of discretion. *State v. Velezmoro*,

196 Wn. App. 552, 557, 384 P.3d 613 (2016). This court may find abuse of discretion

only when the court’s action was “‘manifestly unreasonable, or exercised on untenable

6

grounds, or for untenable reasons.'" *State v. Keigan C.*, 120 Wn. App. 604, 609, 86 P.3d

798 (2004), *aff'd sub nom.*, *State v. Hiett*, 154 Wn.2d 560, 115 P.3d 274 (2005) (quoting

*State v. Donahoe*, 105 Wn. App. 97, 100, 18 P.3d 618 (2001)).

"The authority to order restitution is purely statutory." *State v. Smith*, 119 Wn.2d

385, 389, 831 P.2d 1082 (1992). Under RCW 9.94A.753(3)(a), restitution for property

damage or loss must be based "on easily ascertainable damages" proven by a

preponderance of the evidence. While the claimed loss "'need not be established with

specific accuracy,'" it must be supported by "'substantial credible evidence.'" *State v.*

*Griffith*, 164 Wn.2d 960, 965, 195 P.3d 506 (2008) (quoting *State v. Fleming*, 75 Wn.

App. 270, 274-75, 877 P.2d 243 (1994)). "Evidence supporting restitution 'is sufficient

if it affords a reasonable basis for estimating loss and does not subject the trier of fact to

mere speculation or conjecture.'" *Id*. (quoting *State v. Hughes*, 154 Wn.2d 118, 154, 110

P.3d 192 (2005)).

Jones argues the trial court lacked sufficient credible evidence to support a

$35,000 valuation of the house. Jones argues that, while the trial court properly refused to

rely on the outdated county assessor's report and Zillow report, the court erred by making

an unsupported assumption that the house "had roughly as much value as the cost to

demolish it." CP at 146. In response, the State argues the SVFD's report after the first

kitchen fire supported a value of $92,400. Therefore, the trial court did not abuse its discretion by ordering restitution of $35,000. We agree with the State.

Jones mischaracterizes the record when he argues that no evidence supported the trial court's order on restitution. As noted by the State, SVFD responded to the first kitchen fire and reported the damage at $10,000 and the post-fire value of the house at $92,400. This provides a specific, post-damage benchmark for the house's condition approximately one year before the fire set by Jones. While the house remained unoccupied, and repairs to the roof and wiring had commenced but not concluded, no evidence suggests further deterioration or value changes that would render this valuation unreliable. The trial court, in its broad discretion, could reasonably rely on this figure as a starting point and adjust downward to $35,000 to account for the house's ongoing vacancy, incomplete repairs, and other factors inferable from the record, such as the lack of insurance and unreported assessed value by the county assessor's office. Such an adjustment is not speculative as it reflects a conservative estimate within the evidentiary bounds. *See State v. Fambrough*, 66 Wn. App. 223, 225, 831 P.2d 789 (1992).

Jones argues that the SVFD's estimated value of the house is unreliable because the fire department is not tasked with valuing properties. This argument fails because evidence is sufficient to support restitution if it provides a reasonable basis for estimating

loss, but "need not be shown with mathematical certainty." *State v. Mark*, 36 Wn. App.

428, 434, 675 P.2d 1250 (1984). Therefore, given the fire department's experience

responding to structure fires, it was reasonable for the trial court to rely on SVFD's

report. Jones also argues the fire department's valuation is unreliable because the

photographs in the report indicate the damage was far greater than the estimated $10,000.

It would be speculative for this court to make such a determination, particularly given the

poor quality of the photographs in the record. *See State v. Colquitt*, 133 Wn. App. 789,

796, 137 P.3d 892 (2006). The trial court remains in the best position to make this

determination.

Jones cites several Washington cases in support of his argument: *Griffith*, 164

Wn.2d 960; *State v. Kisor*, 68 Wn. App. 610, 844 P.2d 1038 (1993); and *State v.

Awawdeh*, 72 Wn. App. 373, 864 P.2d 965 (1994). Because these cases are factually

distinguishable, we decline to apply them here.

We hold that the trial court did not abuse its discretion when it determined the

award of restitution as to the value of the house.

*Asbestos survey*

Jones contends that the trial court miscalculated the value of the asbestos survey

in its restitution order and, therefore, this court must remand for resentencing. The State

concedes that the trial court used an incorrect figure for the asbestos survey in its

restitution order but characterizes the error as a scrivener's error that only requires

remand for correction, not resentencing. Because the trial court's error is a clear

numerical transposition, we classify it as a scrivener's error and remand for correction,

not resentencing.

A "scrivener's error" is a "clerical mistake that, when amended, would correctly

convey the trial court's intention based on other evidence." *State v. Wemhoff*, 24 Wn.

App. 2d 198, 202, 519 P.3d 297 (2022) (citing *State v. Davis*, 160 Wn. App. 471, 478,

248 P.3d 121 (2011)). "Correction of this type of error does not require resentencing." *Id.*

at 202-03. However, where the evidence fails to establish the amount of the loss by a

preponderance of the evidence, this court must remand for resentencing consistent with

RCW 9.94A.753(3)(a). *See State v. Tindal*, 50 Wn. App. 401, 405, 748 P.2d 695 (1988).

Here, the trial court ordered restitution of $685.85 for the asbestos survey. The

record shows the asbestos survey cost $658.85. Jones argues that the trial court

intentionally ordered restitution in the amount of $685.85, rather than $658.85, for the

asbestos survey. Specifically, Jones points to the trial court's order that stated three times

the cost of the asbestos survey was listed as $685.85. Jones claims the repetition means

this cannot be classified as a scrivener's error and instead should be considered a

restitution order unsupported by substantial evidence, requiring reversal. We disagree.

Rather, the repeated appearance of a transposed number emphasizes that the error was

likely a scrivener's error. The court erred once and subsequently relied on its earlier

mistake. Considering the record as a whole and the nature of the mistake, we hold that the

trial court made a scrivener's error and remand for correction.

*Indigency—interest on restitution*

Jones contends that the restitution court erred by failing to consider his request at

sentencing to waive interest on restitution. The sentencing court did not address this

request, and Jones's counsel did not renew this request at the later restitution hearing. The

State responds that Jones did not preserve the issue, and, alternatively, that the statute

does not require the trial court to perform any additional analysis when it chooses to

impose interest. We hold that Jones need not obtain relief on appeal because he retains

statutory remedies under RCW 10.82.090.

Generally, this court will not review a claim of error raised for the first time on

appeal unless it is a "'manifest error affecting a constitutional right.'" *State v. O'Hara*,

167 Wn.2d 91, 98, 217 P.3d 756 (2009) (quoting RAP 2.5(a)(3)). "A defendant who

makes no objection to the imposition of discretionary [legal financial obligations] at

sentencing is not automatically entitled to review. It is well settled that an 'appellate court

may refuse to review any claim of error which was not raised in the trial court.'" *State v. Blazina*, 182 Wn.2d 827, 832, 344 P.3d 680 (2015) (quoting RAP 2.5(a)). However, a defendant can raise for the first time on appeal a trial court's failure to apply mandatory statutory procedures. *See State v. Mail*, 121 Wn.2d 707, 712, 854 P.2d 1042 (1993).

Amendments to RCW 10.82.090, effective on January 1, 2023, authorize trial courts to elect not to impose interest on restitution based on factors like the defendant's indigency. LAWS OF 2022, ch. 260, § 12. Under RCW 10.82.090(2), "[t]he court *may* elect not to impose interest on any restitution the court orders." (emphasis added). *If the trial court determines to not impose interest on restitution*, the court *shall* inquire into and consider several factors, including, but not limited to, whether the offender is indigent, has the available funds, or is homeless. *See* RCW 10.82.090(2). Additionally, "[t]he court *shall* also consider the victim's input, if any, as it relates to any financial hardship caused to the victim if interest is not imposed." RCW 10.82.090(2) (emphasis added). Lastly, "[t]he court *may* also consider any other information that the court believes, in the interest of justice, relates to not imposing interest on restitution. After consideration of these factors, the court may waive the imposition of restitution interest." RCW 10.82.090(2) (emphasis added).

Furthermore, upon release from confinement and by motion of the offender,

> [t]he court may, following the offender's release from total confinement,
> waive or reduce interest on restitution that accrued during the offender's
> period of incarceration if the court finds that the offender does not have the
> current or likely future ability to pay. A person does not have the current
> ability to pay if the person is indigent as defined in RCW 10.01.160(3). . . .

RCW 10.82.090(3)(c). Therefore, the trial court has discretion to elect not to impose

interest on restitution at the time the restitution order was issued or after release from

confinement upon a motion to the trial court.

As noted above, where the trial court elects *not* to impose interest on restitution, it

must analyze several statutory factors. *See* RCW 10.82.090(2). However, under the

language of the statute, where the court elects to impose interest on restitution, the statute

does not require the court to review the factors.[2]

Jones argues that he properly preserved the issue for appeal by orally requesting a

waiver of interest at his sentencing hearing. At sentencing, the court agreed to waive the

---

[2] The parties cite to several unpublished decisions of this court regarding interpretation of RCW 10.82.090(2). *See State v. Nelson*, No. 58688-6-II, slip. op. at 5 (Wash. Ct. App. Aug. 13, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/ D2%2058688-6-II%20Unpublished%20Opinion.pdf; *State v. Hutton*, No. 85721-5-I, slip. op. at 3 (Wash. Ct. App. Sept. 23, 2024) (unpublished), https://www.courts.wa.gov/ opinions/pdf/857215.pdf; *but see State v. Caril*, No. 85252-3-I, slip. op. at 8 (Wash. Ct. App. Dec. 23, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/852523 %20orderandopinion.pdf.

criminal filing fee and the victim penalty assessment but stated, "[T]here will be . . . restitution. The amount will be determined . . . in January, and so we'll address that at that time." RP (Nov. 30, 2023) at 13.

In this case, Jones failed to preserve his request to waive restitution interest. While he did raise the issue in a cursory fashion at his sentencing hearing, he failed to renew his request at his restitution hearing, which occurred before a different judicial officer. As noted by the sentencing court, the amount of restitution is not determined until the restitution hearing. *See State v. Ryan*, 78 Wn. App. 758, 762, 899 P.2d 825 (1995) (holding the amount of restitution is not "determined" within the meaning of the statute until an objecting defendant receives a restitution hearing, in the context of objecting to an ex parte restitution order).

Furthermore, as discussed above, where the trial court decides to impose interest on restitution, RCW 10.82.090(2) does not mandate that the trial court consider any additional factors. Therefore, the motion cannot be heard for the first time on appeal as a failure of the trial court to follow mandatory procedures.

Jones notes this court has remanded cases, despite no objection in the trial court, for the trial court to consider whether to waive interest under RCW 10.82.090(2). *See, e.g.*, *State v. Reed*, 28 Wn. App. 2d 779, 782, 538 P.3d 946 (2023); *State v. Roberts*, 32

14

Wn. App. 2d 571, 614, 553 P.3d 1122 (2024), *aff'd*, 5 Wn.3d 222, 572 P.3d 1191 (2025).

However, these cases were remanded without requiring the issue to be preserved because

the revised statute came into effect while these cases were on direct appeal. *Id*. In this

case, the statute was effective before Jones was even charged and thus these cases do not

apply.

Jones failed to preserve for appeal his request in the trial court to waive restitution

interest. However, RCW 10.82.090 provides Jones with postjudgment relief. An

individual released from total confinement may move to "waive or reduce interest on

restitution that has accrued during the offender's period of incarceration." RCW

10.82.090(3)(c). Additionally, the individual may move to waive remaining interest "only

if the principal has been paid in full." RCW 10.82.090(3)(b). These motions are heard by

the trial court that imposed restitution on a showing of indigency or hardship. Remand is

unnecessary because RCW 10.82.090(3) supplies independent mechanisms for relief. On

release, Jones may file a motion under subsection (3)(c) of the statute to waive interest

accrued during incarceration. After satisfying payment of the principal, $72,527.85, he

may move under subsection (3)(b) to waive any remaining interest.

These statutory pathways render appellate intervention superfluous. We express no opinion on the merits of any future motion. Jones's claim of error is denied without prejudice to his rights under RCW 10.82.090(3).

## CONCLUSION

We remand for correction of the scrivener's error and otherwise affirm.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Murphy, J.

WE CONCUR:

_____
Cooney, J.

_____
Fearing, J.P.T.†

---

† George Fearing, a retired judge of the Washington Court of Appeals, is serving as a judge pro tempore of this court pursuant to RCW 2.06.150(1).