Filed 8/3/21  P. v. Parker CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DONALD WARREN PARKER,<br><br>    Defendant and Appellant. | F079995<br><br>(Super. Ct. No. 18CR-02337)<br><br>**OPINION** |

<u>THE COURT</u>*

APPEAL from a judgment of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Denise M. Rudasill, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and F. Matt Chen, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Hill, P.J., Peña, J. and DeSantos, J.

Defendant Donald Warren Parker pled no contest to arson and was granted three years' felony probation. As a term of probation, he was required to pay the City of Merced (the city) $44,486.60 in restitution to reimburse the city for the cost of city employee time. On appeal, defendant contends that the award of restitution was unauthorized.[1] The People disagree. We affirm.

## PROCEDURAL SUMMARY

On June 5, 2018, the Merced County District Attorney filed an information charging defendant with arson (Pen. Code, § 451, subd. (c);[2] count 1), misdemeanor disobeying a court order (§ 166, subd. (a)(4); count 2), and misdemeanor trespassing (§ 602, subd. (o); count 3). On April 17, 2019, count 1 was modified to instead charge defendant with unlawfully causing fire to a structure (§ 452, subd. (c)).

On April 17,[3] defendant pled no contest to count 1 in exchange for dismissal of counts 2 and 3.

On May 22, the trial court granted defendant probation for a term of three years and required him to serve 673 days in jail with credit for time served. As a term of probation, the trial court also required defendant to "[p]ay restitution, pursuant to

---

[1]    Defendant also contends his term of probation should be reduced from three years to two years pursuant to Penal Code section 1203.1, subdivision (a), as amended by Assembly Bill No. 1950 (2019−2020 Reg. Sess.) (Assembly Bill 1950). The People agree. However, after the matter was fully briefed, we received a supplemental clerk's transcript reflecting that, at the recommendation of the probation department and with the concurrence of the People, the trial court has already reduced defendant's term of probation to two years pursuant to Assembly Bill 1950. Defendant's claim is therefore moot. That portion of defendant's appeal will be dismissed.

[2]    All further statutory references are to the Penal Code.

[3]    All further dates refer to the year 2019 unless otherwise stated.

[s]ection 1202.4[, subdivision (f),] … to City of Merced Fire Department in the amount of $Reserved …."[4]

On September 10, the court ordered restitution to the City of Merced in the amount of $44,486.60 as a condition of probation (§ 1203.1, subd. (j)). The restitution amount was based on the "cost for labor" for "public nuisance abatement" by a "Community Services Officer," "Fire Chief," "Chief Deputy City Attorney," "Plans Examiner II," and "Police" officers related to the structure fire that defendant caused.

On September 13, defendant filed a notice of appeal.

## FACTUAL SUMMARY

On May 16, 2018, defendant caused the structure located at 320 S. Street in Merced to be burned. That structure was a house that defendant owned.

The city incurred $44,486.60 in fire suppression and abatement costs related to defendant's crime.

## DISCUSSION

First, defendant contends that the award of restitution to the city was unauthorized under section 1202.4 because the city was not a "direct victim" under section 1202.4, subdivision (k)(2). Second, he contends that the award of restitution to the city was unauthorized under section 1203.1 because a "victim" within the meaning of that section—while more encompassing than a "victim" under section 1202.4—does not include "government agencies performing their jobs in response to defendant's crime." We address only the second contention because we conclude restitution was appropriately awarded under section 1203.1.

"In 1982, California voters passed Proposition 8, also known as The Victims' Bill of Rights …. Proposition 8 established the right of crime victims to receive restitution

_____

[4] The trial court determined the city was not eligible for restitution as a "direct victim" pursuant to section 1202.4.

3.

directly 'from the persons convicted of the crimes for losses they suffer.'  (Cal. Const., art. I, § 28, subd. (b).)"  (*People v. Giordano* (2007) 42 Cal.4th 644, 652.)  The requirements of mandatory victim restitution are set out in section 1202.4, which declares "the intent of the Legislature that a victim of crime who incurs an economic loss as a result of the commission of a crime shall receive restitution directly from a defendant convicted of that crime."  (§ 1202.4, subd. (a)(1).)  Restitution pursuant to section 1202.4 can only be awarded to a "direct victim" of a defendant's criminal conduct.  (*People v. Anderson* (2010) 50 Cal.4th 19, 31 (*Anderson*); see § 1202.4, subd. (k) ["[V]ictim" includes a "corporation, business trust, estate, trust, partnership, association, joint venture, government, governmental subdivision, agency, or instrumentality, or any other legal or commercial entity when that entity is a direct victim of a crime."].)

In addition to the duty to impose mandatory restitution where appropriate, a trial court granting probation has discretion to impose restitution beyond that which is required under the mandatory victim restitution scheme.  (§ 1203.1, subds. (b) & (j); see *Anderson*, *supra*, 50 Cal.4th at pp. 28–29 [where restitution is not mandatory under § 1202.4, and the defendant is granted probation, the trial court has broader discretion to impose restitution]; *People v. Carbajal* (1995) 10 Cal.4th 1114, 1122 [the mandatory victim restitution scheme does not override a trial court's discretion to impose restitution as a condition of probation even "where the victim's loss was not the result of the crime underlying the defendant's conviction"].)  "Section 1203.1 does not define 'victim' " and "the definitions of 'victim' in section 1202.4, subdivision (k) are not incorporated into section 1203.1."  (*Anderson*, at pp. 29, 31; *People v. Runyan* (2012) 54 Cal.4th 849, 858.)  Restitution as a condition of probation under section 1203.1, may be imposed when a trial court determines it is "fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer."  (§ 1203.1, subd. (j).)  Restitution as a condition of

4.

probation, like other conditions of probation, " 'will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality …." ' " (*Anderson*, at p. 32; *People v. Lent* (1975) 15 Cal.3d 481, 486, superseded by Proposition 8 as noted in *People v. Moran* (2016) 1 Cal.5th 398, 403, fn. 6; see *People v. Honig* (1996) 48 Cal.App.4th 289, 358–359.)  Indeed, when a trial court grants probation, its discretion is so broad that it may impose restitution based on a loss that resulted from "conduct underlying dismissed and uncharged counts," "conduct resulting in an acquittal," and even "conduct that is not in itself necessarily criminal." (*Anderson*, at p. 27.)  That is so because "[p]robation is 'an act of clemency and grace' [citation], not a matter of right [citation] .…  If the defendant finds the conditions of probation more onerous than the sentence he would otherwise face, he may refuse probation." (*Id*. at p. 32.)

On appeal, we review a trial court's restitution order for abuse of discretion. (*People v. Sy* (2014) 223 Cal.App.4th 44, 63.)  " ' " ' "Where there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court." ' [Citations.]" … "In reviewing the sufficiency of the evidence [to support a factual finding], the ' "power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted," to support the trial court's findings.' [Citations.]  Further, the standard of proof at a restitution hearing is by a preponderance of the evidence, not proof beyond a reasonable doubt.  [Citation.]  'If the circumstances reasonably justify the [trial court's] findings,' the judgment may not be overturned when the circumstances might also reasonably support a contrary finding." ' " (*Ibid*.; accord, *People v. Trout-Lacy* (2019) 43 Cal.App.5th 369, 372–373.)

The city was not a direct victim of defendant's criminal conduct.  However, as the trial court noted, the plea agreement "expressly contemplated that restitution would be

5.

made to the fire department" and restitution "was a condition of probation to which [defendant] agreed." Based on that record, the trial court reasonably concluded justice required defendant to pay the costs the city incurred because of his crime. That cost was reasonably related to his crime.

Defendant argues that *People v. Rugamas* (2001) 93 Cal.App.4th 518 and *People v. Torres* (1997) 59 Cal.App.4th 1, stand for the proposition that restitution cannot be ordered under section 1203.1 for losses incurred by government employees performing their regular duties in response to a defendant's crimes. We disagree. *Torres* held that government entities that are not direct victims of crimes are not entitled to receive mandatory victim restitution under section 1202.4 for costs associated with the performance of their standard duties. (*Torres*, at p. 4.) It did not address section 1203.1. In *Rugamas*, the South Lake Tahoe police department paid defendant's medical bills, incurred after they shot him with rubber bullets when he brandished a weapon and disobeyed police orders. (*Rugamas*, at pp. 520–521.) On appeal, the court found that the restitution order was appropriate under section 1203.1 but noted that the police "[d]epartment was not provided restitution for expenses associated with the cost of performing its regular duties such as the weapons or rubber bullets used, the gasoline for the squad cars, or the salaries of the officers involved." (*Rugamas*, at p. 523, citing *People v. Baker* (1974) 39 Cal.App.3d 550, 559.) *Rugamas* merely echoed the concern expressed in *Baker* that restitution "should be oriented towards rehabilitation of the defendant and not toward the financing of the machinery of criminal justice." (*Baker*, at p. 559.) Here, the restitution ordered did not fund his prosecution or probation services— it reimbursed for cost of "public nuisance abatement" by the city related to the fire defendant caused.

The trial court's order of restitution was related to defendant's crime and did not exceed the permissible scope of section 1203.1. The court did not abuse its discretion.

## **DISPOSITION**

The portion of defendant's appeal seeking modification of the duration of his probation pursuant to Assembly Bill 1950 is dismissed as moot. The judgment is affirmed.